## EARLE RALPH CUMMINGS *v.* STATE OF MARYLAND

[No. 12, September Term, 1969.]

*Decided October 1, 1969.*

688

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John T. Coady* (*William K. Connor* on brief) for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Edwin H. W. Harlan, Jr., State's Attorney for Harford County* and *Donald G. Smith, Assistant State's Attorney for Harford County,* on the brief, for appellee.

PER CURIAM.

The appellant, Earle Ralph Cummings, was found guilty of assault and battery in a non-jury trial in the Circuit Court for Harford County and sentenced to a term of five years.

According to the testimony of Loy S. Clements, aged twenty-four, who was the victim of the assault and battery, he and a group of approximately seven other young men and women arrived by automobile just after dark at the Baltimore County side of the Franklinville Bridge which separates that County from Harford County. After two individuals in Clements' group had gone down under the bridge, the appellant, who was among a group of young individuals congregated at the Harford County side of the bridge, started firing a gun in their vicinity. Clements and two of his companions then walked across the bridge, confronted the appellant and Clements told him to "quit shooting down there * * * he was going to hurt somebody." In reply, according to Clements, the appellant said: "* * * I'll shoot at what I want to shoot at, I'll shoot at who I want to shoot at." Whereupon, according to Clements, "[w]ell I pushed him and then I kicked him and then he shot me." The record indicates that thereafter both groups departed the scene; Clements was treated at the hospital for a super-

ficial, abdominal wound and released; and the appellant was subsequently arrested at his home. The shooting was confirmed by several members of the appellant's group who testified on his behalf, asserting that Clements had a beer bottle in his hand when he confronted the appellant which shattered when appellant fired his gun; that another member of Clements' group was brandishing a large wrench at the time of the shooting; and that there had been another belligerent encounter between the two groups prior to the shooting.

It is contended that the trial judge erred in finding that appellant used excessive force in repelling the attack by Clements. We disagree. To justify an assault on the ground of self-defense it must be shown that the accused reasonably believed that he was in immediate danger of death or serious bodily harm as a result of his assailant's conduct. It is primarily for the trier of facts to determine whether the accused was justified in meeting force with force and if justification be found, the force used must not be greater than the exigencies of the situation demand. *Falcon v. State,* 4 Md. App. 467; *Ware v. State,* 3 Md. App. 62; *Tipton v. State,* 1 Md. App. 556.

While it is clear that Clements pushed the appellant and kicked him on the leg, we cannot say that the trial judge was clearly erroneous (Md. Rule 1086) in finding that resort to a firearm was, under the circumstances, an excessive and unlawful use of force by the appellant to repel the attack.

The appellant's next contention that the trial judge erred in refusing to grant his motion that a pre-trial identification lineup be conducted under conditions to be approved by the court, the State and the defense is without merit since we have held that an accused has no constitutional right to be placed in a lineup. *Bowen v. State,* 5 Md. App. 713, 716.

Likewise, we find no fault in the trial judge's refusal to honor the request of appellant that a particular witness be permitted to remain in the courtroom during the trial, after motions by both the State and the defense

for sequestration of all witnesses had been granted. Nor did the lower court abuse its discretion in ordering a spectator who resembled the appellant to be seated away from, rather than next to, the appellant who, himself, was permitted to sit among the spectators in an effort to insure impartial, objective courtroom identifications by the witnesses during the course of trial. The conduct and direction of a trial is always within the sound discretion of the presiding judge and we find no abuse of that discretion by the trial judge here. *Turner v. State,* 7 Md. App. 74, 78.

Finally, appellant contends that the lower court committed prejudicial error in denying his motion to compel the State to furnish him with a written statement given prior to trial by a State's witness. While Md. Rule 728 authorizes the trial court to order the State to furnish a defendant with a list of witnesses to be called by the State, it contains no provision requiring the State to furnish the defendant with statements obtained from such witnesses. In the case at bar, the appellant knew the names of the witnesses the State intended to call and he was free to, and in fact did, interview prior to trial the witness whose statement he sought to obtain from the State. Thus, we find no error on the part of the trial judge in denying appellant's motion in this regard and we find no admonition in *Giles v. Maryland,* 386 U. S. 66, upon which appellant relies, which would compel a contrary holding.

*Judgment affirmed.*