# BILLY CARDELL ALSTON *v.* STATE OF MARYLAND

[No. 161, September Term, 1970.]

*Decided April 23, 1971.*

The cause was argued before MURPHY, C.J., and ANDERSON and MORTON, JJ.

*Henry F. Leonnig* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Vincent J. Femia, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Billy Cardell Alston, appellant, was found guilty of 1) robbery with a deadly weapon, and 2) carrying a dangerous weapon openly with intent to injure in a jury

trial in the Circuit Court for Prince George's County, Judge Roscoe H. Parker presiding. Alston was sentenced to the jurisdiction of the Department of Correction for twenty years on the armed robbery charge and two years, to run concurrently, on the charge of carrying a dangerous weapon with intent to injure.

Appellant raises the following contentions in his appeal:

1) The trial court erred in failing to rule on the excepted portions of appellant's motion for discovery and inspection.
2) The trial court erred in failing to effectively consider the appellant's motion for an in-court lineup.
3) The conviction for the lesser offense of carrying a dangerous weapon merges with the more serious conviction under the charge of robbery with a deadly weapon.

## I

Prior to trial, after entering a not guilty plea and electing a jury trial, appellant filed a motion for discovery and inspection. Information requested included the following:

1) Permission for the defendant to inspect and copy all papers, documents, etc., belonging to or obtained from defendant.
2) Requiring certain State officials to furnish defendant the substance of any oral statements or copies of any written statements made by defendant.
3) Requiring certain State officials to furnish defendant with a list of prospective State witnesses.
4) Requiring State's Attorney to furnish defendant with all details of the alleged offense, including law enforcement agency reports and the substance of testimony relating to physical.evidence.

5) A copy of the FBI report or statement concerning prior offenses by defendant.
6) Substance of the State's witnesses' prospective testimony.
7) Names and addresses of persons interviewed by police in conjunction with alleged offense.
8) Copies of any and all reports by police or investigative authorities that participated in the investigation and preparation of the case for trial.

The State filed its answer to this motion on the following day, responding to the first three requests of the motion in compliance with Maryland Rule 728 but excepting to "any and all other requests for discovery and inspection." Appellant admits that the other requests are subject to discretionary enforcement by the trial judge, but argues, however, that the State was duty bound to supply details of the alleged offense favorable to him under the Supreme Court ruling in *Brady v. Maryland,* 373 U. S. 83 (1963). According to appellant, the trial court's failure to rule on his motion was reversible error in light of *Brady.*

Appellee argues that question for decision on appeal has been waived since 1) appellant failed to request a hearing on his motion pursuant to Maryland Rule 1210 c., 2) to take exception to any portion of the State's answer, 3) request the court in any way to require further answers to be given by the State, or 4) to object to any evidence at trial allegedly not disclosed in the State's answer.

Appellant counters that the State's failure to respond to his discovery motion with the information required by *Brady, supra,* was an abridgement of Alston's due process rights. Such constitutional rights, the appellant reminds us, cannot be presumed waived from a silent record. Since we are presented with a silent record in this case, argues the appellant, it follows that an apparent failure to raise the discovery motion issue below does not preclude review of the question in this Court.

We do not find it necessary to view the issue before us as a question of whether or not a constitutional right was waived below or preserved in a silent record, absent an intentional relinquishment or abandonment of a known right or privilege. The core issue is simply whether the trial court's failure to rule on the allegedly insufficient answer by the State to appellant's discovery motion abridged a specific constitutional right. Under our interpretation of *Brady, supra,* and the circumstances of this case, we hold that the handling of appellant's discovery motion did not violate due process.

*Brady* requires that evidence favorable to a defendant sought via a discovery motion must be material either to the guilt or the punishment of the accused. 373 U. S. at 87. We stated in *Ward v. State,* 2 Md. App. 687, that the burden is on the accused to show that the information he seeks may be material to the preparation of his defense or that the State actually suppressed evidence favorable to him.

Appellant fails to make such a showing in the instant case. The State acted voluntarily without awaiting a court order to answer appellant's motion. The trial court had the discretionary power to adjudge, if requested, whether or not any additional information sought by appellant was material and should have been disclosed by the State. *State v. Giles,* 239 Md. 458. At no time did the appellant request the court to order disclosure or a hearing on the issue of materiality. In the absence of a request of this kind by an accused, a trial judge is not compelled to order further production of discovery evidence. *McKenzie v. State,* 236 Md. 597; *Barton v. State,* 2 Md. App. 52. In the absence of any post discovery motions for a continuance or postponement by appellant, objections to the admissibility of State's evidence during trial based on the limits of discovery, or even specific examples in his appeal, we cannot imply the existence of repressed evidence which is both material and favorable to appellant.

Failure of the trial judge to rule on the pending dis-

covery motion was not reversible error in light of *Brice v. State*, 254 Md. 655 (1969) and *Saunders v. State*, 8 Md. App. 143, as appellant contends. It is true, as was stated in these cases, that even a frivolous motion, let alone one based on a constitutional right, merits prompt attention by a trial judge and might result in a reversal if ignored. But in both *Brice* and *Saunders* it was indicated to the trial judge during trial that rulings were desired. Judge Parker received no indication that further rulings were desired in the instant case or that the discovery proceedings were inadequate. This situation is not within the scope of the rule set forth in *Saunders*, which requires that "all pretrial motions should be ruled upon by the trial judge if they were brought to his attention prior to the conclusion of the trial." 8 Md. App. at 146. We decline to expand the rule to cover the circumstances of the instant case.

## II

After the jury had been selected and sworn, counsel for appellant approached the court out of the jury's presence and requested an in-court lineup. Judge Parker denied the request, stating that it was neither timely made nor had appellant any right to such procedure.

Appellant acknowledges that the denial of his pretrial identification request does not raise any constitutional questions. See *Cummings v. State*, 7 Md. App. 687; *Bowen v. State*, 5 Md. App. 713. The denial does, however, according to Alston, raise the question whether the trial court committed reversible error by failing to exercise its "judicial function." Appellant contends that the proper exercise of the lower court's judicial function required the trial court to at least "consider and weigh whether or not to conduct an in-court identification procedure." Judge Parker's reasons for denying the motion, according to appellant, indicates that "no discretion was exercised."

Although such practices as seating an accused in the audience at his trial for purposes of identification are widely used, and approved, the propriety, however, of

various in-court identification techniques are still tied to the rule that the overall conduct of a trial is subject to the sound discretion of the trial judge. Moreover, this Court will not interfere with that discretion unless the trial judge clearly abuses it and, as a result, the accused is prejudiced. *Turner v. State,* 7 Md. App. 74.

Judge Parker exercised discretion by denying appellant his request for "a lineup in the courtroom." Since this procedure is not constitutionally compelled, we cannot say the trial court clearly abused its discretion when it implied that not even the Supreme Court would necessarily entertain such a motion. More importantly, and however much this procedure would have enhanced meaningful identification, we find no prejudice to the accused resulting from its denial. The sufficiency of the evidence presented at trial establishing the criminal agency of the accused was not preserved below nor raised as an issue in this appeal. We must assume, therefore, that the evidence below either showed directly or supported a rational inference of the facts to be proved so that a jury could fairly be convinced, beyond a reasonable doubt, of appellant's guilt under the offenses charged; namely, armed robbery and carrying a dangerous weapon. See *Williams and McClelland v. State,* 5 Md. App. 450. Under the circumstances, it is difficult to find any prejudice to the accused, even if the trial judge had been somewhat abrupt on his discretionary denial of appellant's in-court identification motion.

### III

In his last contention, appellant argues that his conviction for carrying a dangerous weapon should merge with his more serious conviction for armed robbery. Since this issue was not raised below, it is not properly before us now. Maryland Rule 1085.

*Judgments affirmed.*