# CHARLES J. HILL v. STATE OF MARYLAND

[No. 602, September Term, 1976.]

*Decided February 18, 1977.*

The cause was argued before GILBERT, C. J., and MENCHINE and LOWE, JJ.

*Lee Gordon, Assigned Public Defender,* for appellant.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *David Palmer, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

Charles J. Hill (appellant) was convicted by a jury in the Criminal Court of Baltimore of assault with intent to rob. He was sentenced to imprisonment for a term of ten years.

The trial had been commenced on March 3, 1976. The State rested its case after calling two witnesses. Trial counsel for the defendant moved for judgment of acquittal upon the ground that "the State has failed to make out a prima facie case requiring a defense in this case." The motion was overruled. The court then recessed for further proceedings on the following day.

When the case was resumed on the morning of March 4, 1976, trial counsel for the accused addressed the court as follows:

"MR. SCHAPIRO: Good morning, Your Honor. Initially, I wish to reiterate on the record what I advised you in chambers yesterday. The Defendant indicated at the conclusion of proceedings yesterday that his correct name is not Charles J. Hill but Brown J. Hill and the Defendant indicated to me further for the first time yesterday evening that one time in 1975 he had been at Clifton T. Perkins for seven months for some type of evaluation. He indicated he wishes me to interpose a plea of not guilty by reason of insanity at the time, not guilty by reason of insanity at the time of the alleged commission of the offense *and is not competent to stand trial at this time.*" (Emphasis added.)

The trial judge responded as follows:

"THE COURT: This is the first time the attorney

or the Court or the State's Attorney has learned of the Defendant's desire to file an insanity plea. The case is already in process and I don't think the plea is filed timely, and I will therefore overrule the Defendant's motion to be allowed to file an insanity plea at this juncture of the trial. We will proceed with the trial."

The trial judge did not respond to counsel's statement that "[My] client wishes me to interpose a plea [that he] is not competent to stand trial at this time."

Appellant in this Court makes the following single contention:

"The trial judge committed reversible error by refusing to determine whether Appellant was legally competent to stand trial after Appellant, in open court, alleged he was incompetent."

We agree.

Article 59, § 23 reads in pertinent part as follows:

"Whenever prior to or *during the trial, any person charged with the commission of any crime shall* appear to the court, or *be alleged to be incompetent to stand trial, by the defendant himself, the court shall determine upon testimony and evidence presented on the record whether such person is unable to understand the nature or the object of the proceeding against him or to assist in his defense.*" (Emphasis added.)

We have pointed out that there is a marked difference in the tests to be applied with respect to the issue of "responsibility for criminal conduct" and with respect to "competency to stand trial." *Strawderman v. State,* 4 Md. App. 689, 244 A. 2d 888 (1967); *Rozzell v. State,* 5 Md. App. 167, 245 A. 2d 917 (1968); *Colbert v. State,* 18 Md. App. 632, 308 A. 2d 726 (1973).

In *Strawderman, supra,* we set forth the competency test

and laid out the procedures to be followed when the latter issue was raised:

### "COMPETENCY TO STAND TRIAL

*The Test*

Under new § 7 [now § 23] the test for competency of an accused to stand trial is 'whether such person is unable to understand the nature or the object of the proceeding against him or to assist in his defense.'

*The Procedure*

By new § 7 [now § 23] the lower court shall determine whether the accused is competent to stand trial 'upon testimony and evidence presented on the record,' *whenever prior to or during trial, the accused alleges he is so incompetent* or it so appears to the court. The court for good cause shown and after affording the accused an opportunity to be heard on his own behalf or through counsel may pass an order requesting an examination of the accused's competency to stand trial by the Department of Mental Hygiene and a full report of the findings shall be forwarded to the court, the State's Attorney and to counsel for the defendant. 'If the court after receiving testimony and evidence determines that the defendant is competent to stand trial within the meaning of this section (new § 7) [now § 23], the trial shall commence as soon as practicable or, if already commenced, shall continue. The court may in its discretion at any time during the trial and until the verdict is rendered, reconsider the question of competency of the defendant to stand trial as otherwise provided in this section.' " (Emphasis added.) 4 Md. App. at 692-93, 244 A. 2d at 890.

We added at 697 [892]:

"With regard to competency to stand trial under new

§ 7 [now § 23], *we think that the court* in whom the final determination of the matter rests, *must determine beyond a reasonable doubt that the accused is able to understand the nature or object of the proceeding against him and to assist in his defense."* (Emphasis added.)

We reiterated that Art. 59, § 23, *supra,* mandates affirmative action by the trial court when the issue arises. *See Rozzell v. State, supra,* wherein we said at 173-74 [920]:

### "COMPETENCY TO STAND TRIAL

In *Strawderman v. State,* 4 Md. App. 689, we discussed the provisions of Chapter 709. We stated that the test for competency of an accused to stand trial is 'whether such person is unable to understand the nature and object of the proceedings against him or to assist in his defense' and we found that the procedure was that the lower court, *when the issue was before it, shall make such determination 'upon testimony and evidence presented on the record.'* See Code, *supra,* Art. 59, § 7." [1] (Emphasis added.)

We added at 175 [921]:

"In *Strawderman v. State, supra,* we said, with regard to competency to stand trial, that *the lower court, in whom the determination of the matter rests, must determine beyond a reasonable doubt that the accused is able to understand the nature or object of the proceedings against him and to assist in his defense."* (Emphasis added.)

Again, in *Colbert v. State, supra,* we made plain that § 23 mandated special procedural action and necessary substantive determination by the trial court when an

---

1. Now codified as Article 59, § 23.

accused is "alleged to be incompetent to stand trial." We said at 640-41 [731]:

"In passing we notice that appellant adduced no proof in support of his plea of insanity. While the plea was not withdrawn, we think it was implicitly abandoned. In any event, in the absence of proof to support the plea, the State had no burden with respect to it, and there was no issue to be presented to the trier of facts. *Strawderman, supra,* at page 698.

"However, the clearly different test for competency to stand trial, and the clearly different procedure for determining the issue, *Strawderman, supra,* at page 695, requires the court to make a determination when incompetency is alleged. Code, Art. 59, § 23, provides, in part:

'Whenever prior to or during the trial, any person charged with the commission of any crime shall appear to the court, or be alleged to be incompetent to stand trial, by the defendant himself, the court shall determine upon testimony and evidence presented on the record whether such person is unable to understand the nature of [or] the object of the proceeding against him or to assist in his defense.'

The statute requires that the determination be made 'upon testimony and evidence presented on the record', but it does not require that such testimony and evidence be presented in a separate hearing, as appellant contends. We said in *Strawderman,* at page 695, 'Of course, in a jury trial, evidence with regard to it should be received out of the presence of the jury', but we did not say, nor do we now say, that a judge with no jury present is required to use any magic words to designate as a separate hearing the presentation to

> him of testimony and evidence for his determination of the competency of the accused to stand trial. It is sufficient if the testimony and evidence are on the record."

The State suggests that "the record fails to demonstrate a per se *refusal* by the trial judge to make [a competency] determination" and that "all parties were directed toward the single aspect of the insanity plea as opposed to the alleged incompetency." From this premise the State argues that "if the appellant intended his motion as an allegation of incompetency, he had the commensurate responsibility of bringing to the attention of the trial judge that he sought a determination as to such issue . . . ."

The language used by trial counsel unequivocally directed the attention of the trial court to the dual issues (a) of insanity as a defense to the crimes charged and (b) of the competency of the accused to stand trial. The issues are statutorily distinct. *Compare* § 25 with § 23 of Article 59. We think that the peremptory requirement imposed upon the court by § 23 was activated by the clearly stated request of trial counsel.

We consider *Alston v. State*, 11 Md. App. 624, 276 A. 2d 225 (1971), and *White v. State*, 23 Md. App. 151, 326 A. 2d 219 (1974), relied upon by the State, to be distinguishable. In both *Alston* and *White*, trial counsel had proceeded to trial without directing the court's attention to pending unresolved motions.

In the subject case, trial counsel specifically directed the trial court's attention to an issue as to which its determination was mandated. He was required to do no more. *See Saunders v. State*, 8 Md. App. 143, 146, 258 A. 2d 776, 777-78 (1969).

In the subject case the trial judge failed to follow the course prescribed in *Strawderman, Rozzell* and *Colbert*, all *supra*. We now repeat, that whenever the issue of competency of an accused to stand trial is raised during the course of a jury trial, the trial judge *must* determine upon testimony and evidence presented on the record, out of the

presence of the jury, whether the accused "is unable to understand the nature or the object of the proceedings against him or to assist in his defense." The provision of Article 59, § 23 that the court must make determination "upon testimony and evidence presented on the record" is mandatory.

Unless and until the trial court makes a determination beyond a reasonable doubt upon testimony and evidence presented on the record that the accused is able to understand the nature or the object of the proceeding against him and to assist in his defense, the trial may not begin or if begun may not continue.

Because we are compelled to reverse and remand for a new trial at which proceedings to determine competency to stand trial may again become an issue, we feel obliged, for the guidance of trial judges in this or other cases, to retreat from certain dicta in *Colbert v. State, supra.* In *Colbert,* where we found that the trial court fully had complied with the mandate of Article 59, § 23, we stated in dicta at 641 [731-32]:

> "The clear difference in procedure is this: although a defendant is presumed competent until the issue is raised, that presumption is overcome when it 'shall appear to the court or *be alleged' that he is incompetent to stand trial. The allegation may be made by the defendant himself, or by his counsel. When the original presumption is thus overcome there remains no presumption one way or the other.* The issue raised must be determined by the court, which must find beyond a reasonable doubt that the defendant is competent to stand trial." (Emphasis added.)

The above quoted language used in *Colbert,* unnecessary to decision in that case, went too far. We agree that there is a presumption that one accused of criminal conduct is presumed to be competent to stand trial. That presumption, however, carries not less than co-equal force with an

accused's presumed responsibility for criminal conduct in the face of a plea of insanity.

That is to say, the presumption of competency to stand trial does not disappear merely because the issue is raised by allegations of the accused or his counsel, any more than the presumption of sanity disappears upon entry of an insanity plea. Such an *allegation* mandates no more than that the court make "a determination upon testimony and evidence" upon the issue whether an accused is competent to stand trial.[2] To hold otherwise would open the door to odious chicanery whereby an accused in a long jury trial, could subvert the trial without just cause.

---

**2.** The Supreme Court of the United States in Drope v. Missouri, 420 U. S. 162, 95 S. Ct. 896, 43 L.Ed.2d 103 (1975), said at 172-73 [904] [113-14]:

"In Pate v Robinson, *383 US 375, 15 L Ed 2d 815, 86 S Ct 836* (1966), we held that the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. Although in Robinson we noted that Illinois 'jealously guard[ed] this right,' id., at 385, 15 L Ed 2d 815, we held that the failure of the state courts to invoke the statutory procedures deprived Robinson of the inquiry into the issue of his competence to stand trial to which, on the facts of the case, we concluded he was constitutionally entitled. The Court did not hold that the procedure prescribed by Ill Rev Stat, c 38, § 104-2 (1963), was constitutionally mandated, although central to its discussion was the conclusion that the statutory procedure, if followed, was constitutionally adequate. See, e.g., United States v Knohl, 379 F2d 427, 434-435 (CA2), cert denied, 389 US 973, 19 L Ed 2d 465, 88 S Ct 472 (1967); United States ex rel. Evans v. LaVallee, 446 F2d 782, 785-786 (CA2 1971), cert denied, 404 US 1020, 30 L Ed 2d 668, 92 S Ct 691 (1972). Nor did the Court prescribe a general standard with respect to the nature or quantum of evidence necessary to require resort to an adequate procedure.[9] Rather, it noted under the Illinois statute a hearing was required where the evidence raised a ' "bona fide doubt" ' as to a defendant's competence, and the Court concluded 'that the evidence introduced on Robinson's behalf entitled him to a hearing on this issue.' 383 US, at 385, 15 L Ed 2d 815. See United States v. Marshall, 458 F2d 446, 450 (CA2 1972).

---

**9.** In discussing the evidence adduced at Robinson's trial, the Court did, however, indicate that a history of irrational behavior is a relevant factor which, on the record before it, was sufficient to require further inquiry notwithstanding Robinson's demeanor at trial and the stipulated opinion of a psychiatrist that Robinson knew the nature of the charges against him and could cooperate with counsel when the psychiatrist examined him two or three months before. See infra, at 180-181, 43 L Ed 2d, at 118."

The presumption of competency to stand trial continues until testimony and evidence presented on the record is of such character that the trial judge finds himself unable to determine beyond a reasonable doubt that the accused is able to understand the nature or the object of the proceeding against him or to assist in his defense.

When such testimony and evidence produces such effect upon the mind of the court, the trial must not be commenced, or if commenced must be suspended, or a mistrial declared as the ends of justice in a particular case may require.

The mandated hearing and determination must, of course, comport with requirements of due process under the Fourteenth. Amendment to the United States Constitution and Article 23 of the Maryland Declaration of Rights. *Pate v. Robinson*, 383 U. S. 375, 86 S. Ct. 836, 15 L.Ed.2d 815 (1966); *Drope v. Missouri*, 420 U. S. 162, 95 S. Ct. 896, 43 L.Ed.2d 103 (1975).

In *Drope v. Missouri, supra,* it was said at 174-75 [905] [115]:

> "In the present case there is no dispute as to the evidence possibly relevant to petitioner's mental condition that was before the trial court prior to trial and thereafter. Rather, the dispute concerns the inferences that were to be drawn from the undisputed evidence and whether, in light of what was then known, the failure to make further inquiry into petitioner's competence to stand trial, denied him a fair trial. In such circumstances we believe it is 'incumbent upon us to analyze the facts in order that the appropriate enforcement of the federal right may be assured.' Norris v. Alabama, 294 US 587, 590, 79 L Ed 1074, 55 S Ct 579 (1935). 'When the corrective process is provided by the state but error, in relation to the federal question of constitutional violation, creeps into the record, we have the responsibility to review the state proceedings.' Hawk v. Olson, supra, at 276, 90 L Ed 61."

The continuing nature of the trial court's duty to be alert to a competency issue that may be introduced during the course of trial also was the subject of discussion in *Drope, supra,* at 181-82 [908-09] [119]:

"Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial. Whatever the relationship between mental illness and incompetence to stand trial, in this case the bearing of the former on the latter was sufficiently likely that in light of the evidence of petitioner's behavior including his suicide attempt, and there being no opportunity without his presence to evaluate that bearing in fact, the correct course was to suspend the trial until such an evaluation could be made. That this might have aborted the trial is a hard reality, but we cannot fail to note that such a result might have been avoided by prompt psychiatric examination before trial, when it was sought by petitioner."

We also sound a cautionary note as to the following language used in *Colbert, supra:*

"As in the case of insanity affecting criminal responsibility, the question of competence to stand trial is first and foremost a medical problem. An opinion as to the medical fact of competence to stand trial should be reached by a medical diagnosis. Thus the opinion must be that of a medically trained psychiatrist in order to be admissible in evidence. *Saul v. State, supra.*" [3] 18 Md. App. at 642, 308 A. 2d at 732.

There is no doubt that the issue of competency to stand trial in many cases may involve a necessity for the trial

---

3. 6 Md. App. 540, 252 A. 2d 282 (1969).

judge to have or indeed, perhaps to seek, the testimony of medically trained psychiatrists before making a determination of competency. It is for this reason that Article 59, § 23 contains a provision that, *"The court for good cause and after affording the defendant an opportunity to be heard on his own behalf or through counsel* may pass an order requesting an examination of the defendant by the Department of Mental Hygiene." (Emphasis added.)

We read the quoted portion of § 23 as manifesting a legislative intent to *require* such examination only when the testimony and evidence presented on the record raises a *bona fide* issue by demonstrating reasonable cause to believe that the accused may be incompetent to stand trial.[4]

This rule fixes a "threshold" to be crossed in a separate hearing [5] (in jury trials) akin to that required of the accused after a plea of insanity. There is, of course, a difference between the two rules, both in the requisites for crossing the threshold and with respect to the effect of a successful crossing. In *competency*, as distinguished from *insanity* [6] hearings, the determination is exclusively a matter for

---

**4.** Federal cases dealing with 18 U.S.C. § 4244, akin to Article 59, § 23 have so interpreted the Federal statute. *See* United States v. Vowteras, 500 F. 2d 1210 (2d Cir. 1974), cert. den. 419 U. S. 1069; United States v. Fountain, 449 F. 2d 629 (8th Cir. 1971), cert. den. 405 U. S. 929; United States ex rel. Roth v. Zelker, 455 F. 2d 1105 (2d Cir. 1972), cert. den. 408 U. S. 927.

**5.** A separate hearing is not a requisite in a non-jury trial. It is sufficient if the testimony and evidence are on the record. Colbert v State, *supra*, at 641 [731-32].

**6.** The requisites for and the effect of "crossing the threshold" after a plea of insanity were set forth in Strawderman, *supra*, at 698 [893]:

"So when a plea has been filed in writing alleging that the accused was insane at the time of the commission of the alleged crime, the court should determine preliminarily whether the proof adduced in support thereof is sufficient to raise a doubt as to the sanity of the accused, as defined, in the minds of reasonable men. If it finds that it is not, the State has no further burden with respect thereto and, in a jury trial, the question is not submitted to the jury. If the court finds that the proof adduced was sufficient to surmount the threshold question of doubt as to the accused's responsibility, the State has the burden of convincing the trier of facts that the accused was sane, and, in a jury trial, evidence on the issue should then be introduced before the jury with proper instructions."

determination by the trial court beyond a reasonable doubt. It is never a matter for the consideration of a jury. *Strawderman, supra,* at 695 and 697 [891 and 892]; *Rozzell, supra,* 175 [921]; *Colbert, supra,* 639 [730-31].

We find nothing in the statute to indicate that testimony by a medically trained psychiatrist that the accused is competent to stand trial is *necessarily required* before the court may make a determination of competency beyond a reasonable doubt. We did not intend the decision in *Colbert* to indicate otherwise. *See United States v. David,* 511 F. 2d 355 (DC Cir. 1975), wherein the Court said at 360:

> "This court recognizes that in making a competency determination it may be very useful for the trial judge to question both the defendant and his counsel; the applicable criteria measure one's ability to consult *with his lawyer* and to understand the course of *legal* proceedings. Thus counsel's first-hand evaluation of a defendant's ability to consult on his case and to understand the charges and proceedings against him may be as valuable as an expert psychiatric opinion on his competency."

*See also Wolcott v. United States,* 407 F. 2d 1149 (10th Cir. 1969), wherein the scope of the trial court's duty was discussed at 1151:

> "The latest word on the scope of the court's duty to hear and decide mental competency to waive and plead or stand trial is Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836 (1966). That case reaffirmed the test of competency as reiterated in Dusky, supra, and further articulated the standards by which a sentencing judge shall be guided in the discharge of his highly sensitive presentence responsibilities. It is there said that if any information coming to the attention of the court raises a 'bona fide doubt' of the defendant's competency to waive his constitutional rights and plead or to stand trial, it then becomes the inescapable duty of the court to

conduct a due process hearing to determine mental competency and to make appropriate findings thereon. The decision is for the court and both expert and lay testimony may be competent."

*Judgment reversed.*
*Case remanded for a new trial.*
*Costs to be paid by Mayor and City Council of Baltimore.*