*Michael Gambrill v. State of Maryland*, No. 42, September Term, 2013

**CRIMINAL PROCEDURE – RULE 4-215(e) – REQUEST TO DISCHARGE COUNSEL**

A court is obligated to engage in a Rule 4-215(e) inquiry to ascertain a defendant's reasons for desiring a discharge of counsel when a defendant makes a statement from which the court could reasonably conclude that the defendant wanted to discharge his or her attorney. The defendant's attorney's statement that the defendant wanted a postponement to hire a private attorney, though perhaps ambiguous, was a statement from which a court could have reasonably concluded that the defendant wanted to discharge his attorney, so that the trial court erred in failing to ascertain the defendant's reasons for harboring that desire.

Circuit Court for Baltimore City
Case No. 811221016
Argued 1/13/14

IN THE COURT OF APPEALS OF

MARYLAND

No. 42

September Term, 2013

MICHAEL GAMBRILL

v.

STATE OF MARYLAND

Barbera, C.J.,
Harrell,
Battaglia,
Greene,
Adkins,
McDonald,
Watts,

JJ.

Opinion by Battaglia, J.
Greene, J., concurs.

Filed: February 27, 2014

We confront here the question of whether a trial judge had a duty to engage in a Rule 4-215(e) colloquy[1] with Michael Gambrill, Petitioner, when his public defender, on the day of trial, stated: "Your Honor, on behalf of Mr. Gambrill, I'd request a postponement. He indicates that he would like to hire private counsel in this matter." We shall determine that the judge could have reasonably concluded from these statements that Gambrill wanted to discharge his attorney and, thus, erred in failing to permit Gambrill to explain the reasons for his request to discharge counsel, as required by Rule 4-215(e). We explain.

---

[1] Rule 4-215(e) provides:

> (e) **Discharge of counsel – Waiver.** If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a) (1)-(4) of this Rule if the docket or file does not reflect prior compliance.

Rule 4-215 was amended in 2013, but section (e) was not affected. *See* Md. Rules Orders, p. 20-21, Maryland Rules of Procedure, vol.1 (2014).

Gambrill was charged with one count of misuse of telephone facilities, pursuant to Section 3-804 of the Criminal Law Article, Maryland Code,[2] and one count of harassment, pursuant to Section 3-803 of the Criminal Law Article, Maryland Code,[3] in the District Court of Maryland sitting in Baltimore City. After Gambrill requested a jury trial and his case had been transferred to the circuit court, two joint requests for postponement were granted before the case eventually was called for trial. Prior to the

[2] Section 3-804 of the Criminal Law Article, Maryland Code (2002), provided:

> (a) *Prohibited.*— A person may not use telephone facilities or equipment to make:
> (1) an anonymous call that is reasonably expected to annoy, abuse, torment, harass, or embarrass another;
> (2) repeated calls with the intent to annoy, abuse, torment, harass, or embarrass another; or
> (3) a comment, request, suggestion, or proposal that is obscene, lewd, lascivious, filthy, or indecent.
> (b) *Penalty.*—A person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $500 or both.

[3] Section 3-803 of the Criminal Law Article, Maryland Code (2002, 2011 Supp.), in pertinent part, provided in pertinent part:

> (a) *Prohibited.*—A person may not follow another in or about a public place or maliciously engage in a course of conduct that alarms or seriously annoys the other:
> (1) with the intent to harass, alarm, or annoy the other;
> (2) after receiving a reasonable warning or request to stop by or on behalf of the other; and
> (3) without a legal purpose.
> (b) *Exception.*—This section does not apply to a peaceable activity intended to express a political view or provide information to others.

2

start of trial, a discussion took place among the trial judge, the Assistant State's Attorney, and the Assistant Public Defender representing Gambrill, during which the judge was informed that Gambrill, if convicted, was facing a potential violation of probation for which he was "looking at backing up fourteen years."  Gambrill's counsel, in the following exchange, informed the court that Gambrill was contemplating hiring a specifically named attorney, "if we can't work his case out", whereupon the judge referred the parties to another judge in the circuit court to discuss the disposition of the probation violation case to which the other judge was assigned:

> [PUBLIC DEFENDER]: And the other thing is I already told Mr. Gambrill if we can't work his case out and he wants a postponement to hire Jerry Tarud (inaudible).  So that would be his request (inaudible).[4]
>
> THE COURT: Well let's take this a step at a time.
>
> [STATE'S ATTORNEY]: Yes, Your Honor.
>
> THE COURT: But I mean my suggestion is, because in a lot of these cases where you've got this huge sentence that they're facing, some of the judges are not comfortable, and I don't blame them, I wouldn't be either, you know, transferring over a fourteen year sentence to a, it's a time served, or something similar.  So I think it's better maybe if

---

[4]  Gambrill filed a "Motion To Correct The Record" embodying a request to correct the transcript, which was granted by this Court on October 1, 2013.  The original transcript read:

> [PUBLIC DEFENDER]: And the other thing is I already told Mr. Gambrill if we work his case out he wants a postponement to hire (inaudible).  So that would be his request.

3

you can maybe get into see Judge Cox to see what he might be inclined to do.

[STATE'S ATTORNEY]: Yes, Your Honor.

THE COURT: All right, and that way we can just do this here and then we indicate on the record what Judge Cox said he'll do in (inaudible).

[STATE'S ATTORNEY]: Yes, Your Honor.

When the parties returned to the courtroom, approximately two hours later, and the case again was called, what happened, if anything, before the judge assigned the probation violation was not referenced, but a pivotal colloquy ensued:

[PUBLIC DEFENDER]: Roland Harris, Assistant Public Defender on behalf of Mr. Gambrill. Your Honor, on behalf of Mr. Gambrill, I'd request a postponement. He indicates that he would like to hire private counsel in this matter.

THE COURT: All right. Postponement is denied. All right, we're going to call for the jury at two o'clock. We'll have a four and four. And we'll start the case today and we'll finish it tomorrow. Okay. Madam Clerk, we're down until two.

The trial ensued, and Gambrill was convicted of both counts after a jury trial and was subsequently sentenced to three years' incarceration, with all but six months suspended, and two years' probation. Gambrill appealed, and before the Court of Special Appeals, argued, *inter alia*, that reversal was required because the court denied Gambrill's request to obtain private counsel without complying with the requirements of Rule 4-215(e). The Court of Special Appeals, in an unreported opinion, concluded that Rule 4-215(e) was not implicated, because Gambrill did not express a "clear intent" to discharge or replace his attorney:

4

Like *Henry* [*v. State*, 184 Md. App. 146, 964 A.2d 678 (2009)] and unlike [*State v. Davis*, 415 Md. 22, 997 A.2d 780 (2010)], appellant never expressed a clear intent to discharge his attorney nor expressed any dissatisfaction with his attorney during any stage of the proceedings. . . . As was the case in *Henry*, it was unclear as to whether the appellant sought a postponement to retain private counsel as co-counsel or replacement counsel. *Davis*, 415 Md. at 34 n.5 (citing *Henry*, 184 Md. App. 146).

Because there was no clear indication that appellant wished to discharge his attorney and no indication that appellant was dissatisfied with his attorney, a Maryland Rule 4-215(e) inquiry was not triggered. Consequently, we hold that the trial court did not err when it denied appellant's request for a postponement to hire private counsel without first conducting a Maryland Rule 4-215(e) inquiry.

We granted certiorari, *Gambrill v. State*, 432 Md. 211, 68 A.3d 286 (2013), to consider the following question:

Did the trial court err in denying petitioner's request for a postponement without complying with the requirements of Maryland Rule 4-215(e)?

We answer the question in the affirmative, because the statements, "on behalf of Mr. Gambrill, I'd request a postponement. He indicates that he would like to hire private counsel in this matter", implicated Rule 4-215(e) and its attendant duty to permit Gambrill to have explained his reasons for requesting to discharge his public defender.

Rule 4-215(e) provides:

(e) **Discharge of counsel – Waiver.** If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the

action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a) (1)-(4) of this Rule if the docket or file does not reflect prior compliance.

Gambrill argues that the statements of his public defender, "on behalf of Mr. Gambrill, I'd request a postponement. He indicates that he would like to hire private counsel in this matter", was a request to discharge counsel pursuant to Rule 4-215(e), rather than merely a postponement query and that the trial judge erred by failing to allow Gambrill an opportunity to explain the reasons for his request to discharge his attorney. Gambrill asserts that at the very least, his attorney's request was ambiguous so that the trial judge had a duty to inquire further of Gambrill, pursuant to Rule 4-215(e).

The State, on the other hand, asserts that Gambrill's demand was really one for a postponement, not implicating Rule 4-215(e). Gambrill, according to the State, "on the very day that his trial was to begin, after it had been postponed twice before, was requesting yet another postponement from the administrative court," so that the judge did not abuse his discretion in denying the postponement. The State asserts, "[i]n any event, here, where defense counsel's statements to the court comprise at best only eight lines of transcript, there was no request to 'change' counsel. There was a last-minute request for a postponement and that Gambrill 'had indicated he would like to hire private counsel in this matter.'"

6

Aside from the asserted lack of clarity in Gambrill's assertions, the State also contends that Rule 4-215(e) was not implicated, because there was no mention of whether Gambrill had actually hired or made arrangements to hire private counsel. This, the State asserts, citing *State v. Taylor*, 431 Md. 615, 66 A.3d 698 (2013), indicates that the "statements were of future intent and not statements that Gambrill had already hired or made arrangements to hire or retain private counsel, or even that he could afford or had the means to hire or retain private counsel."

At the time of the Supreme Court's decision in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), Rule 719[5] already had codified the right to counsel in Maryland in criminal cases; subsequently it was amended in 1972 with the

---

[5] Rule 719, in pertinent part, provided:

> b. *Assignment of Counsel.*
> 1. Advice by Court.
>     In a trial for an offense, if the accused appears in court without counsel, the court shall advise him of his right to counsel.
> 2. When required—Conditions.
>     Unless the accused elects to proceed without counsel or is financially able to obtain counsel—
> (a) The court shall assign counsel to represent him if the offense charged is one for which the maximum statutory punishment is death or confinement in a penitentiary for five years or more.
> (b) The court may assign counsel to represent the accused in any other case, and in determining whether or not to assign counsel, the court shall take into consideration the complexity of the case, the youth, inexperience and mental ability of the accused and any other relevant consideration.

Rule 719b (1961).

addition of section c, which specified the questioning and determination that a judge must undertake to ascertain a defendant's understanding should he or she have indicated a desire or inclination to waive counsel.[6] *See Leonard v. State*, 302 Md. 111, 121-22, 486 A.2d 163, 168 (1985) (noting that our recognition of the constitutional implications of the right to counsel and right to self-representation "was evidenced in Maryland Rule 719, the precursor to Rule 723 c"). In 1977, Rule 719 was amended and re-numbered as Rule 723,[7] which in 1984, was re-designated as Rule 4-215. *See Pinkney v. State*, 427 Md. 77,

---

[6] Rule 719c provided:

> *Waiver Inquiry.*
> If, at any stage of the proceeding, an accused indicates a desire or inclination to waive representation, the court shall not permit such a waiver unless it determines, after appropriate questioning in open court, that the accused fully comprehends: (i) the nature of the charges and any lesser-included offenses, the range of allowable punishments, and that counsel may be of assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof; (ii) that the right to counsel includes the right to the prompt assignment of an attorney, without charge to the accused, if he is financially unable to obtain private counsel; (iii) that even if the accused intends to plead guilty, counsel may be of substantial value in developing and presenting material which could affect the sentence; and (iv) that among the accused's rights at trial are the right to call witnesses in his behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process, and the right to require proof of the charges beyond a reasonable doubt.
> (Added May 8, 1972, effective June 1, 1972.)

Rule 719c (1973).

[7] Rule 723c provided:

(continued . . .)

8

86 n.3, 46 A.3d 413, 418 n.3 (2012).  Added also was section (d), in 1986 re-designated

as section (e), *Fowlkes v. State*, 311 Md. 586, 590 n.1, 536 A.2d 1149, 1151 n.1 (1988),

which required a colloquy with a defendant who "requests permission to discharge an

attorney whose appearance has been entered."  Rule 4-215(e).

The importance of Rule 4-215(e) and its colloquy in the constitutional paradigm of

effective assistance of counsel was emphasized by this Court in *Williams v. State*, 321

Md. 266, 270-71, 582 A.2d 803, 805 (1990) ("*Williams I*"):

> In *Snead v. State,* 286 Md. 122, 123, 406 A.2d 98 (1979), we recognized that a defendant in a criminal

---

> c. Waiver Inquiry.
> When a defendant indicates a desire or inclination to waive counsel, the court may not accept the waiver until it determines, after appropriate questioning on the record in open court, that the defendant possesses the intelligence and capacity to appreciate the consequences of his decision, and fully comprehends:
> 1.  The nature of the charges against him, any lesser included offenses, and the range of allowable penalties, including mandatory and minimum penalties, if any;
> 2.  That counsel can render important assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof, and in preparing for and representing him at trial;
> 3.  That even if the defendant intends to plead guilty, counsel may be of substantial assistance in developing and presenting information which could affect the sentence or other disposition;
> 4.  That if the defendant is found to be financially unable to retain private counsel, the Public Defender or the court would, if the defendant wishes, provide counsel to represent him.

Rule 723c (1978).

9

prosecution has an independent constitutional right to have the effective assistance of counsel and to reject that assistance and defend himself. The right to the effective assistance of counsel was recognized in *Powell v. Alabama,* 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158, 171–72 (1932). *See also Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to reject that assistance and defend one's self was enunciated in *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562, 566 (1975).

This Court adopted Rule 4-215, "Waiver of Counsel," (formerly Rule 723c) to implement these constitutional guarantees. . . .

***

In *Snead, supra*, we also recognized that the provisions of Rule 4-215 are mandatory. 286 Md. at 130, 406 A.2d 98.

We also acknowledged the pivotal role that the defendant's explanation of his reasons for discharging counsel played in the trial court's choice of options, to give "practical effect" to the defendant's constitutional choices:

The State finds it significant that because Williams never expressed a desire to waive counsel and represent himself, his constitutionally protected rights were not invoked. Therefore, the State maintains, the trial court's failure to permit Williams to explain his reasons for requesting that his attorney be replaced was no more than a "technical" violation. The Court of Special Appeals relied on the same rationale. *Williams* [*v. State*]*,* 77 Md. App. [689,] 693, 696, 551 A.2d [905,] 907, 908 [(1989)]. What the State fails to recognize, however, is that this requirement is an indispensable part of subsection (e) in that it essentially leads the trial judge into the various options set forth therein. Where the trial judge finds a defendant's reasons to be meritorious, he must grant the request and, if necessary, give the defendant an opportunity to retain new counsel. When a defendant makes an unmeritorious request to discharge counsel, the trial judge may proceed in one of three ways: (1) deny the request and, if the defendant rejects the right to

10

> represent himself and instead elects to keep the attorney he
> has, continue the proceedings; (2) permit the discharge in
> accordance with the Rule, but require counsel to remain
> available on a standby basis; (3) grant the request in
> accordance with the Rule and relieve counsel of any further
> obligation. *Fowlkes v. State,* 311 Md. 586, 604–05, 536 A.2d
> 1149, 1158–59 (1988). It should be obvious, then, that
> subsection (e) gives practical effect to the Defendant's
> constitutional choices. It requires the defendant to decide if
> he will continue with present counsel or proceed *pro se.*
> Allowing a defendant to specify the reasons for his request is
> an integral part of the Rule and cannot be dismissed as
> insignificant.

*Williams I*, 321 Md. at 272-73, 582 A.2d at 806.

Rule 4-215(e), however, does not give definition to what constitutes a "request" to discharge counsel, thereby requiring the colloquy to secure the defendant's reasons, and the Rule's history "contains no commentary on the meaning of the phrase '*requests* permission to discharge an attorney.'" *See State v. Campbell*, 385 Md. 616, 628 n.4, 870 A.2d 217, 224 n.4 (2005) (emphasis in original). We have established, nevertheless, that a request to discharge counsel is "any statement from which a court could conclude reasonably that the defendant may be inclined to discharge counsel." *Williams v. State*, 435 Md. 474, 486-87, 79 A.3d 931, 938 (2013) ("*Williams II*"), citing *Taylor*, 431 Md. at 634, 66 A.3d at 710; *State v. Hardy*, 415 Md. 612, 623, 4 A.3d 908, 914 (2010); *State v. Davis*, 415 Md. 22, 31, 997 A.2d 780, 785 (2010); *Leonard*, 302 Md. at 124, 486 A.2d at 169. A request to discharge counsel "need not be explicit", *Williams II*, 435 Md. at 486, 79 A.3d at 938, citing *Hardy*, 415 Md. at 623, 4 A.3d at 914, nor must a defendant "'state his position or express his desire to discharge his attorney in a specified manner' to

11

trigger the rigors of the Rule." *Williams II*, 435 Md. at 486, 79 A.3d at 938, quoting *Davis*, 415 Md. at 32, 997 A.2d at 786.

We have determined, however, that a Rule 4-215(e) colloquy had not been triggered in *Taylor*, while the Court of Special Appeals did likewise in *Henry*, 184 Md. App. at 169, 964 A.2d at 691. In *Taylor*, 431 Md. at 623-24, 66 A.3d at 703-04, on the eve of trial, Taylor's public defender appeared before a number of judges with a private attorney, who had represented Taylor in the past, to present a postponement request in which there was embedded a conditional assertion that the private attorney would represent Taylor, but would only enter his appearance "if the court will grant a one-week continuance." We did not find the collective statements during the various proceedings to be sufficient to trigger a Rule 4-215(e) colloquy, especially because the private attorney voiced that that he would represent Taylor only were a continuance to be granted.

In *Henry*, 184 Md. App. at 169-70, 964 A.2d at 691-92, our intermediate appellate court determined that Rule 4-215(e) had not been implicated when, prior to the start of trial, Henry's public defender appeared before a judge and requested a continuance to allow private counsel to enter the case, based upon representations made by the defendant's mother:

> Court's indulgence, Your Honor. I have one other matter just brought to my attention by Mr. Henry's mom, who's sitting in the courtroom. She just informs me she's been in contact with Doug Wood with reference to representing Mr. Henry in this case, and she spoke with his office on Friday. Apparently he was supposed to contact me on Friday. I did not get a message from him. She spoke with his office again this

12

morning. They're requesting that I request that this matter be continued to allow him to introduce—to enter this case so he can represent Mr. Henry.

Neither defense counsel nor Henry, however, said anything to indicate Henry himself wanted to discharge his attorney.

At the opposite juncture, circumstances which required a Rule 4-215(e) colloquy include those in *Williams II* and *Davis*. In *Williams II*, 435 Md. at 479, 79 A.3d at 934, Williams had sent a letter to the court, which had been filed in the court jacket, stating:

> My name is Melvin Williams JR Im writing to request New representation From the Public defender's office. Pending me being able to afford an attorney. MR John Janowich has truly No interest on my behalf in trying to help me on my case. I truly feel Im being mis-represented. May U please remove him from my case. I'll truly be appreciated.

The court did not respond, and Williams, thereafter, appeared in court on five occasions, but did not reiterate his written request to remove his attorney. While the Court of Special Appeals concluded that Williams's subsequent appearances without reiterating his request eviscerated the thrust of his writing, we disagreed. We explained that Williams's letter "clearly, solely, and unequivocally" stated that he intended to discharge his counsel, implicating Rule 4-215(e). *Id.* at 489, 79 A.3d at 940.

In *Davis*, 415 Md. at 27, 997 A.2d at 782, on the morning of trial, Davis's counsel appeared before the administrative judge and informed him about an earlier conversation the attorney had had with Davis:

> Your honor, Mr. Davis is being brought up now. I spent a fair amount of time talking to Mr. Davis. I told him what the guidelines are, which was six (inaudible) twelve. I indicated to him what my evaluation were [sic] of the facts of this case.

13

He told me he didn't like my evaluation. Wanted a jury trial and new counsel. I told him it was very unlikely that the Court was going to award him another attorney in this case.

(footnote omitted) (alterations in original). We concluded that the attorney's statement was sufficient to trigger the colloquy under Rule 4-215(e) in order to ascertain Davis's reasons for wanting to discharge his attorney or "at least" in order to determine whether Davis still harbored an intent to discharge. In talismanic phrasing for the present case, Judge Sally Adkins, writing for this Court, stated that any ambiguity in the statement easily could have been addressed by the judge:

Even if the court was conflicted as to whether Davis was truly dissatisfied with present counsel or merely wanted a continuance, it could have easily eliminated its uncertainty by questioning Davis himself about the reasons for his attorney's statement.

*Id.* at 35, 997 A.2d at 787.

In the present case, the statements made by Gambrill's attorney, "Your Honor, on behalf of Mr. Gambrill, I'd request a postponement. He indicates he would like to hire private counsel in this matter", have been determined by our intermediate appellate court to embody only a request for a continuance, but we disagree.[8] Although Gambrill's request to hire a new attorney was coupled with a request for a postponement and may not have been a paradigm of clarity, its inherent ambiguity did not relieve the judge of his

---

[8] Consideration of Gambrill's public defender's earlier statement that, "if we can't work his case out and he wants a postponement to hire Jerry Tarud" lessens the ambiguity and clears up somewhat that Gambrill wanted to discharge his counsel. While the conditional nature of this earlier statement may not, in and of itself, necessarily have mandated a Rule 4-215(e) colloquy, *see Taylor*, 431 Md. at 638, 66 A.3d at 712, it certainly lessened the lack of clarity as to whether Gambrill actually wanted to discharge counsel.

obligation to comply with Rule 4-215(e); its ambiguity mandated judicial inquiry followed by a determination. To hold otherwise would be to thwart the very purpose of Rule 4-215(e), which is to give practical effect to Gambrill's constitutional options. In the absence of inquiry of Gambrill, his reasons for requesting a discharge of counsel were not elucidated so that the judge could not give practical effect to Gambrill's constitutional choices.

Our discussion in *Snead*, 286 Md. at 127, 406 A.2d at 101, supports mandating a Rule 4-215(e) colloquy when an ambiguous request to discharge counsel is presented. In *Snead*, we confronted the following exchange, which took place on the day of Snead's trial and after Snead informed the judge that he did not want to be represented by his assigned public defender:

> THE DEFENDANT: He told me every time he come to see me, he tell me I am guilty before I come in the courtroom. Why should I have a man — he feels that way, before I come into the courtroom.
>
> THE COURT: Make your mind up Mr. Groton is going to represent you.
>
> THE DEFENDANT: I can't get time for my people to get me no attorney?
>
> THE COURT: No, sir.
>
> THE DEFENDANT: I don't want no attorney then.

*Id.* at 126, 406 A.2d at 100. In determining the judge erred in not ascertaining whether Snead truly wanted to represent himself, we applied the dictates of former Rule 723c, which provided that when "a defendant indicates a desire or inclination to waive counsel"

15

a judge must engage the defendant in a waiver inquiry. *Id.* at 130, 406 A.2d at 102. Although the Court of Special Appeals had relied on the ambiguity of Snead's statements to obviate the waiver inquiry, we disagreed and opined: "As we see it, such a declaration serves to alert the trial judge that further inquiry may be necessary. Therefore, any statement by the defendant from which the court could reasonably conclude that the defendant desired self-representation would be sufficient." *Id.* at 127, 406 A.2d at 101. Lack of clarity, then, triggered the necessity of an inquiry in *Snead*, as it must in the present case.

The State also urges that Rule 4-215(e) was not implicated in the present case, because Gambrill had not hired or made arrangements to hire private counsel, citing *Taylor* for the proposition that a Rule 4-215(e) inquiry was not implicated, even though apparently the private attorney had been retained. In *Taylor*, however, there was no discussion regarding the effect of remuneration or the lack thereof, because we have never required that payment to an attorney be made or that a fee agreement be reached in order to evoke a Rule 4-215(e) colloquy. Whether Gambrill made financial arrangements with private counsel is not the determinative inquiry as to whether a Rule 4-215(e) colloquy was required, but rather only if Gambrill made statements from which the judge could have reasonably concluded that Gambrill wanted to discharge counsel.

Gambrill's request, perhaps ambiguous, was a statement from which the trial judge could have reasonably concluded that Gambrill wanted to discharge his public defender, triggering the inquiry and determination by the court under Rule 4-215(e).

16

When an ambiguous statement by a defendant or his or her counsel is made under Rule 4-215(e), the fulcrum tips to the side of requiring a colloquy with the defendant.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR A NEW TRIAL. MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS.**

17

Argued: January 13, 2014
Circuit Court for Baltimore City
No. 811221016

IN THE COURT OF APPEALS

OF MARYLAND

No. 42

September Term, 2013

_____

MICHAEL GAMBRILL

v.

STATE OF MARYLAND

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Concurring Opinion by Greene, J.

_____

Filed: February 27, 2014

Greene, J., concurring.

I agree with the Court's conclusion that Petitioner's request for a postponement and to "hire private counsel in this matter" was sufficient to trigger the trial judge's duty to engage in a Md. Rule 4-215(e) colloquy. I do not agree that the request was ambiguous. Defense counsel, on behalf of his client, stated to the trial judge: "Your Honor, on behalf of Mr. Gambrill, I'd request a postponement. **He indicates that he would like to hire private counsel in the matter**." The Majority concludes that this request, although "not a paradigm of clarity," nonetheless mandated judicial inquiry pursuant to Rule 4-215(e). I submit, however, that there is nothing "inherently ambigu[ous]" about Gambrill's request. Maj. slip op. at 14. As the Majority points out, "a request to discharge counsel is 'any statement from which a court could conclude reasonably that the defendant may be inclined to discharge counsel.'" Maj. slip op. at 11, citing *Williams v. State*, 435 Md. 474, 486-87, 79 A.3d 931, 939 (2013). In the present case, defense counsel's indication that the defendant "would like to hire private counsel" could refer to nothing other than his desire to discharge the assistant public defender and hire private counsel. This interpretation is not only reasonable, it is unavoidable.

The circumstances of this case are analogous to the situation in the Court of Special Appeals's case *Hill v. State*, 35 Md. App. 98, 369 A.2d 98 (1977). In *Hill*, defense counsel informed the trial judge:

> Defendant indicated to me further for the first time yesterday evening that one time [last year] he had been at Clifton T. Perkins for seven months for some

type of evaluation. He indicated he wishes me to interpose a plea of . . . not guilty by reason of insanity at the time of the alleged commission of the offense and is not competent to stand trial at this time.

35 Md. App. at 99, 369 A.2d at 99 (emphasis omitted). The intermediate appellate court in *Hill* concluded that "[t]he language used by trial counsel unequivocally directed the attention of the trial court to the dual issues (a) of insanity . . . and (b) of the competency of the accused to stand trial." 35 Md. App. at 104, 369 A.2d at 101. Notwithstanding the fact that the dual issues in *Hill* (a desire to plea not guilty by reason of insanity and a request for a competency determination) are different than the dual issues here (a request for postponement and a request to discharge counsel), Gambrill likewise unequivocally alerted the trial judge to the dual issues of his request with sufficient clarity.