GREENE, J.,
concurring.
I agree with the Court’s conclusion that Petitioner’s request for a postponement and to “hire private counsel in this matter” was sufficient to trigger the trial judge’s duty to engage in a Md. Rule 4-215(e) colloquy. I do not agree that the request was ambiguous. Defense counsel, on behalf of his client, stated to the trial judge: “Your Honor, on behalf of Mr. Gambrill, I’d request a postponement. He indicates that he would like to hire private counsel in the matter.” The Majority concludes that this request, although “not a paradigm of clarity,” nonetheless mandated judicial inquiry pursuant to Rule 4-215(e). I submit, however, that there is nothing “inherently ambigu[ous]” about Gambrill’s request. Maj. op. at 304-05, 85 A.3d at 863-64. As the Majority points out, “a request to discharge counsel is ‘any statement from which a court could conclude reasonably that the defendant may be inclined to discharge counsel.’” Maj. op. at 302, 85 A.3d at 862, citing Williams v. State, 435 Md. 474, 486-87, 79 A.3d 931, 938 (2013). In the present case, defense counsel’s indication that the defendant “would like to hire private counsel” could refer to nothing other than his desire to discharge the assistant public defender and hire private counsel. This interpretation is not only reasonable, it is unavoidable.
The circumstances of this case are analogous to the situation in the Court of Special Appeals’s case Hill v. State, 35 *308 Md.App. 98, 369 A.2d 98 (1977). In Hill, defense counsel informed the trial judge:
Defendant indicated to me further for the first time yesterday evening that one time [last year] he had been at Clifton T. Perkins for seven months for some type of evaluation. He indicated he wishes me to interpose a plea of ... not guilty by reason of insanity at the time of the alleged commission of the offense and is not competent to stand trial at this time.
35 Md.App. at 99, 369 A.2d at 99 (emphasis omitted). The intermediate appellate court in Hill concluded that “[t]he language used by trial counsel unequivocally directed the attention of the trial court to the dual issues (a) of insanity ... and (b) of the competency of the accused to stand trial.” 35 Md.App. at 104, 369 A.2d at 101. Notwithstanding the fact that the dual issues in Hill (a desire to plea not guilty by reason of insanity and a request for a competency determination) are different than the dual issues here (a request for postponement and a request to discharge counsel), Gambrill likewise unequivocally alerted the trial judge to the dual issues of his request with sufficient clarity.