997 A.2d 780

**STATE of Maryland**

v.

**Maurice DAVIS.**

**No. 48, Sept. Term, 2009.**

Court of Appeals of Maryland.

June 30, 2010.

24

Daniel J. Jawor, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, of Baltimore, MD), on brief, for petitioner.

Michael R. Steer, Assigned Public Defender (Elizabeth L. Julian, Acting Public Defender, and Bradford C. Peabody, Asst. Public Defender, of Baltimore, MD), on brief, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

ADKINS, J.

In this case we are called upon to determine whether a defense attorney's pretrial statements to an administrative judge were sufficient to trigger a Maryland Rule 4–215(e) inquiry into the merits of the defendant's request to discharge counsel. Maurice Davis was arrested and charged with the burglary of a McDonald's restaurant and the robbery of two of its employees in Baltimore County. On the morning of trial in the Circuit Court for Baltimore County, defense counsel told the court that, in his earlier conversation with Davis, the defendant had expressed unhappiness with his attorney's evaluation of the case, and that Davis "[w]anted a jury trial and new counsel." Despite this information, the court ordered the case to proceed to trial without investigating Davis's reasons for seeking different representation.

A jury later convicted Davis of two counts each of simple robbery and robbery with a dangerous weapon, as well as one count of second-degree burglary,[1] and he appealed his convic-

---

1. Md.Code (2002), § 3–402 (Robbery); § 3–403 (Robbery with dangerous weapon); and § 6–203 (Second–Degree Burglary) of the Criminal Law Article.

tions to the Court of Special Appeals ("CSA"), arguing that defense counsel's pretrial announcement served as a Rule 4–215(e) request to discharge counsel and that the Circuit Court's failure to ascertain Davis's rationale for the request constituted a reversible error. The CSA agreed with Davis's assessment of the pretrial dialogue, leading it to vacate his convictions and remand the case for a new trial. We agree with the intermediate appellate court and affirm its judgment.

## FACTS AND LEGAL PROCEEDINGS

On April 24, 2006, at around 3:30 in the morning, a man wearing a blue bandana and a hooded sweatshirt pried open the rear drive-through window of a White Marsh McDonald's and climbed inside. An hour later, the restaurant manager and another employee entered the building to open the restaurant for the day. The burglar confronted both employees, robbing them at gunpoint before fleeing in the manager's vehicle. Shortly after, in the vicinity of the crime scene, a Baltimore County officer spotted the manager's vehicle and began pursuit. Following a minor traffic accident, the driver exited the vehicle through a window and a foot chase ensued. The officer was able to capture and arrest the driver, and identified him as Maurice Davis.

Davis was later charged with, among other things, armed robbery and second-degree burglary. He was appointed counsel. On the morning of trial, in front of the Baltimore County Administrative Judge, the following colloquy occurred:

[PROSECUTOR]: The State of Maryland verses [sic] Maurice Davis. Case number K–06–2076. Mr. Davis is being brought out.

[DEFENSE COUNSEL]: Good morning your honor. William Giuffre for Mr. Davis.

[THE COURT]: What are we doing with Mr. Davis?

[DEFENSE COUNSEL]: I'll wait till he comes out your honor. I'm sure—

[THE COURT]: All right.

**[DEFENSE COUNSEL]:** Your honor, Mr. Davis is being brought up now. I spent a fair amount of time talking to Mr. Davis.[2] I told him what the guidelines are, which was six (inaudible) twelve. I indicated to him what my evaluation were [sic] of the facts of this case. He told me he didn't like my evaluation. Wanted a jury trial and new counsel. I told him it was very unlikely that the Court was going to award him another attorney in this case.

**[THE COURT]:** Yep.[3]

**[DEFENSE COUNSEL]:** So, right now its [sic] my understanding he wants a trial in this matter. And I believe he wants a jury trial. Is that correct Mr. Davis? . . .

**[THE COURT]:** All right. Mr. Davis, how old are you? What's your age?

**[DEFENDANT]:** Thirty-two.

**[THE COURT]:** And how far did you go in school?

**[DEFENDANT]:** G—

**[DEFENSE COUNSEL]:** He has a G.E.D. your honor.

**[DEFENDANT]:** A G.E.D.

---

**2.** According to Davis, this conversation occurred immediately before trial.

**3.** The State argues that the transcript's reporting of the court's response as "Yep" is inaccurate:

> "Yep" suggests that the administrative judge verbally confirmed the accuracy of defense counsel's prior advice to Davis—namely, that the court would be unlikely to discharge and replace counsel. The audio recording reveals, however, that the administrative judge weakly interjected something more akin to "Yeah," the intonation of which did not confirm counsel's prediction but indicated that the court was listening.

We believe this argument to be irrelevant. Whether the court's response was a conscious affirmation of counsel's assessment or was simply an expression of its attention, our analysis remains the same. The ultimate issue in this case is whether defense counsel's statement to the court was sufficient to require the court to inquire into Davis's request for new counsel. If that statement triggers Maryland Rule 4-215(e), the inquiry must occur regardless of whether the court initially agreed with defense counsel's advice. In this instance, the court's silence (or lack of a substantive response) has the same effect as an expressed summary denial of Davis's request for a new attorney.

[THE COURT]: Okay.

[DEFENSE COUNSEL]: He has difficulty speaking.

[THE COURT]: Sir, a jury is twelve people chosen at random in the community. You would have the right to participate in the selection of those jurors. Any verdict they render must be unanimous. And they must find you guilty beyond a reasonable doubt and to a moral certainty. Do you understand what a jury is? ... Do you want a jury trial?

[DEFENDANT]: Yeah.

The administrative judge then ascertained from counsel the anticipated length of trial and called around to determine whether a judge was immediately available to begin proceedings.

Soon after, the case went to trial in front of another judge, where the following colloquy took place:

[PROSECUTION]: Your honor, I'm calling for the record State of Maryland verses [sic] Maurice Davis. Case number K06–2076.

[DEFENSE COUNSEL]: Good morning your honor. William Giuffre for Mr. Davis, who is now present in the courtroom. We just left Judge Turnbull's courtroom. Mr. Davis made the election of a jury trial in this matter. He did wish to have new counsel. But that was denied.

Davis was then tried and convicted by a jury of robbery and burglary.

Davis timely appealed his convictions to the Court of Special Appeals. He argued, among other things, that the Circuit Court administrative judge failed to investigate his reasons for wanting new counsel after his attorney expressed Davis's desire for a change, as required by Maryland Rule 4–215(e). The State, on the other hand, asserted that the words used by Davis's attorney did not constitute an express request for a change of counsel, and "thus the judge could have interpreted the exchange as relating to a prior conversation between [Davis] and his lawyer[,]" meaning that no further discussion on the matter was required. In an unreported opinion, the

intermediate appellate court held that Davis's statement was "sufficient to trigger the Maryland Rule 4–215(e) mandatory inquiry." The court reversed Davis's convictions and remanded for a new trial.

We granted the State's Petition for Certiorari to consider whether the Circuit Court administrative judge was obligated to conduct a Rule 4–215(e) inquiry in response to defense counsel's comment that Davis had requested a new attorney.[4] We hold that such an inquiry was required.

## DISCUSSION

### I. Standard of Review

■ In reviewing a possible violation of a constitutional right, this Court conducts its own independent constitutional analysis. *See Crosby v. State*, 366 Md. 518, 526, 784 A.2d 1102, 1106 (2001) ("[W]hen the issue is whether a constitutional right has been infringed, we make our own independent constitutional appraisal"). "We perform a *de novo* constitutional appraisal in light of the particular facts of the case at hand; in so doing, we accept a lower court's findings of fact unless clearly erroneous." *Glover v. State*, 368 Md. 211, 221, 792 A.2d 1160, 1166 (2002).

### II. Analysis

■ A criminal defendant's right to counsel is guaranteed by the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, and by Article 21 of the Maryland Declaration of Rights. *See Brye v. State*, 410 Md. 623, 634, 980 A.2d 435, 441 (2009). "The right to counsel seeks

---

**4.** The exact language of the State's issue on appeal is "[d]id the lower court mistakenly hold that Rule 4–215(e) was triggered when Respondent never made a present request to discharge counsel?" We rephrased the question presented because the facts clearly indicate that, at the very least, Davis made an express present request for new counsel to his current attorney. The correct issue is whether Davis's request, which was relayed through counsel to the court, was sufficient to trigger a Rule 4–215(e) inquiry.

to protect a defendant from the complexities of the legal system and his or her lack of understanding of the law." *Id.* Running in tandem with this right to counsel is the equally important constitutional right to defend oneself: "an accused in a criminal prosecution has two independent constitutional rights with regard to the management of his defense. He has both the right to have the assistance of counsel and the right to defend *pro se.*" *Snead v. State,* 286 Md. 122, 123, 406 A.2d 98, 99 (1979) (citations omitted). The freedom to release counsel exists because:

> [a]n unwanted counsel "represents" the defendant only through a tenuous and unacceptable legal fiction. Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not for *his* defense.

*Id.* at 128, 406 A.2d at 101 (quotation marks and citation omitted).

Maryland Rule 4–215(e) governs court procedure when a defendant expresses a desire to discharge his or her current counsel. Rule 4–215(e) provides:

> Discharge of counsel—Waiver. If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall

comply with subsections (a)(1)-(4) of this Rule if the docket or file does not reflect prior compliance.

Under the Rule, upon a defendant's request to discharge counsel, the court must provide the defendant an opportunity to explain his or her reasons for seeking the change. *See Gonzales v. State,* 408 Md. 515, 531, 970 A.2d 908, 917 (2009). "Next, the trial court must make a determination about whether the defendant's desire to discharge counsel is meritorious." *Gonzales,* 408 Md. at 531, 970 A.2d at 917; *see also Moore v. State,* 331 Md. 179, 186–87, 626 A.2d 968, 971–72 (1993) (articulating the rule that the record must reflect that the trial court actually considered the merit of the defendant's explanation for wanting to proceed without counsel). "The goals of Rule 4–215(e), and of Rule 4–215, in general, are to protect the defendant's fundamental rights involved, to secure simplicity in procedure and to promote fairness in administration." *Gonzales,* 408 Md. at 532, 970 A.2d at 917–18 (quotation marks and citation omitted). The failure to inquire into a defendant's reasons for seeking new counsel when the proper request has been made to the court is a reversible error. *Snead,* 286 Md. at 131, 406 A.2d at 103.

█ A petition for new counsel need not be made in writing or even formally worded. *See State v. Campbell,* 385 Md. 616, 632, 870 A.2d 217, 226 (2005) ("[Defendant's] request did not need to be a talismanic phrase or artfully worded to qualify as a request to discharge, so long as a court could reasonably conclude that [he] sought to discharge his counsel."); *Snead,* 286 Md. at 127, 406 A.2d at 101 ("[A]ny statement by the defendant from which the court could reasonably conclude that the defendant desired self-representation would be sufficient."). Rather, the statement must simply express to the court that the defendant is dissatisfied with his or her current attorney. *See Campbell,* 385 Md. at 632, 870 A.2d at 226 ("[Defendant's] statement regarding his dissatisfaction with his attorney, if timely, should have triggered an inquiry by the court as to whether [he] wanted to discharge his counsel.").

In *Campbell,* the court was obligated to investigate further when the defendant made the following statements: "I don't like this man as my representative;" "We had conflicts way before this ever started ... in the first trial;" and "He ain't have my best interest at heart." *Id.* at 632, 870 A.2d at 226. In *Williams v. State,* 321 Md. 266, 267, 582 A.2d 803, 804 (1990), the trial court was required to allow the defendant to explain his reasons for a change in counsel after he said, "I want another representative."

The State attempts to distinguish this case from those cited above by emphasizing that, here, the statement in question was made by defense counsel instead of Davis himself. It argues that the *Snead–Williams–Campbell* line of cases provide a generous view of the way in which a defendant may request to discharge counsel because of "the natural assumption that the accused, as a legal layman, does not have knowledge of Rule 4–215(e), the constitutional rights to effective legal representation, nor the language with which each is traditionally expressed in the forum of trial." The State contends that this guideline should be more critically applied when the request is made by counsel who is familiar with the legal process. It maintains that it is not promoting a double standard, but rather asking the reviewing court to "take account of the totality of facts, including the circuit judge's objectively reasonable expectations when conversing with parties versus counsel."

We are not persuaded by these arguments. Any statement that would reasonably apprise a court of defendant's wish to discharge counsel will trigger a Rule 4–215(e) inquiry regardless of whether it came from the defendant or from defense counsel. As the CSA properly explained, "[i]n arguing this position, the State ... fails to acknowledge that [Davis] is not required to state his position or express his desire to discharge his attorney in a specified manner." Here, Davis's words were paraphrased and presented to the court by the very person assigned to speak for him. Moreover, the defense attorney plainly stated that Davis had said that he

"[w]anted a jury trial and new counsel." This statement is almost identical to the one in *Williams,* and is equally unequivocal. It means, quite simply, that Davis wanted new counsel. Therefore, we hold that it serves as an adequate request to discharge counsel as required by Rule 4-215(e).

The State seeks to discount further defense counsel's statement by asserting that his subsequent comments lead the court to believe that Davis no longer sought counsel's discharge, despite an earlier fallout between the defendant and his attorney. Although we agree with the State that a Rule 4-215(e) inquiry is not mandated unless counsel or the defendant indicates that the defendant has a present intent to seek a different legal advisor, we believe that here, the Court at least was required to inquire further so it could determine whether Davis still maintained that intent.

The CSA articulated the requirement for a current and established intent to discharge counsel in *Henry v. State,* 184 Md.App. 146, 964 A.2d 678 (2009), *cert. granted on other grounds,* 408 Md. 487, 970 A.2d 892 (2009). There, the defendant claimed that he was entitled to reversal of his murder convictions because the Circuit Court never inquired into his reasons for wanting to discharge counsel. *Id.* at 169, 964 A.2d at 691. At the beginning of trial, the following remarks were made:

[DEFENSE COUNSEL]: Court's indulgence, Your Honor. I have one other matter just brought to my attention by Mr. Henry's mom, who's sitting in the courtroom. She just informs me she's been in contact with Doug Wood with reference to representing Mr. Henry in this case, and she spoke with his office on Friday. Apparently he was supposed to contact me on Friday. I did not get a message from him. She spoke with his office again this morning. They're requesting that I request that this matter be continued to allow him to introduce—to enter this case so he can represent Mr. Henry.

[THE STATE]: Normally I don't have a problem with it, but this is the day of trial. We have the victim's mother

coming from Ohio, drove all the way over the weekend to be here. This is more than the last second. We have a jury, 55 jurors on the way down here. I have to oppose.

[COURT]: I'm not going to grant the continuance. They waited too long. We have witnesses coming from out of state. It should have been done. This date was set months ago. They should have filed it long ago.

*Id.* at 169–70, 964 A.2d at 691–92. The CSA held that the Circuit Court did not err "because defense counsel simply requested a continuance so that Henry and his mother could attempt to hire private counsel. Henry himself did not indicate, prior to the start of trial, that he wished to discharge his attorney." *Id.* at 169, 964 A.2d at 691. The Court stated that the trial court did not abuse its discretion by "treat[ing] the request as a belated motion for a continuance" and then denying that motion because there was still uncertainty on the day of trial as to whether the defendant would actually replace his current counsel. *Id.* at 171, 964 A.2d at 692–93.

 Unlike this case, neither Henry nor his counsel conveyed to the court any displeasure with his current representation, leading the court to appropriately assume that he was not requesting to discharge counsel, but merely petitioning for a continuance so that he could attempt to engage Mr. Wood.[5] Davis's counsel, on the other hand, explicitly reported Davis's dissatisfaction to the court: "I indicated to him what my

---

5. The Court of Special Appeals opinion is unclear as to whether Henry sought to retain Mr. Wood as co-counsel or replacement counsel. *See Henry v. State*, 184 Md.App. 146, 964 A.2d 678 (2009), *cert. granted on other grounds*, 408 Md. 487, 970 A.2d 892 (2009). Nevertheless, *Henry* is distinguishable. Henry's attorney petitioned the court for a continuance so that Henry's mother could attempt to hire Mr. Wood. The attorney's statement to the trial court, however, did not indicate that Henry had formed a clear intent to discharge current counsel. Henry's request did not foreclose the possibility that, had his mother been unsuccessful in retaining Mr. Wood, Henry would then wish to proceed to trial with his current attorney. The triggering event for Rule 4–215(e) is a request to *discharge* counsel, not a request to seek new counsel while holding on to current counsel as a secondary option. Here, Davis expressed his dissatisfaction to his attorney and wanted to replace him.

evaluation were [sic] of the facts of this case. *He told me that he didn't like my evaluation* " (emphasis added). This statement immediately preceded Davis's request for new counsel. These two events, taken together, reasonably indicate that Davis found fault with his representation, and thus the court was obligated to ascertain the defendant's reasons. *See Campbell,* 385 Md. at 632, 870 A.2d at 226 (describing a Rule 4–215(e) request as one where a court *could* reasonably conclude that the defendant sought to discharge his counsel). Even if the court was conflicted as to whether Davis was truly dissatisfied with present counsel or merely wanted a continuance, it could have easily eliminated its uncertainty by questioning Davis himself about the reasons for his attorney's statement. Any court that fails to follow-up with the defendant following a possible, albeit unclear, Rule 4–215(e) request risks appellate reversal of its judgment. Thus, erring on the side of caution is advised.

Counsel's later comment that "right now its [sic] my understanding he wants a trial in this matter" did not nullify his initial statement. The defense attorney never told the court that Davis had changed his mind, and thus, at a minimum, the court should have asked Davis if he wished to proceed with his appointed representative. Indeed, counsel may well have intended to say that Davis wished to have a jury trial, but with new counsel. The record indicates that Davis had not withdrawn his request for new counsel because, while appearing before the trial judge, Davis's attorney said, "[Davis] did wish to have new counsel. But that was denied." Thus, according to the attorney, it was the administrative judge, and not Davis, who had eliminated a possible change in representation. Once again, with a simple inquiry, the administrative judge could have addressed Davis's concerns and possibly corrected any error. This is not too much to ask of a judge when the protection of a fundamental constitutional right is at issue.

We disagree with the State's assessment that this decision will place an undue burden on circuit court judges to undertake a Rule 4–215(e) inquiry "whenever the specter of

dissatisfaction with counsel is raised in any context." We do not suggest that a mere hint of discord within the defense's ranks *from any source* demands investigation. This is not a case where the court caught wind of Davis's desire for a change of counsel through some unexpected third party, such as, for example, a correctional officer, a law clerk, or a friend. Here, Davis's wishes were expressed to the court by his designated representative and an officer of the court. If a request to discharge counsel is to be made, it is likely to come from either the defendant or his current attorney. Surely, a court should not disregard such a request simply because it was uttered from the attorney's lips rather than those of the defendant.

In sum, Davis's statement constituted an appropriate request to discharge counsel as required by Rule 4-215(e). Therefore, the trial court's subsequent failure to conduct the mandated investigation is a reversible error that prompts a new trial.

### III. Conclusion

For the reasons articulated above, vacation of Davis's conviction and remand of the case to the Circuit Court for Baltimore County for a new trial is the proper result.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. CASE REMANDED TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.**

MURPHY, J., Dissents.

MURPHY, J., dissenting.

I dissent from the holding that the Respondent is entitled to a new trial on the ground that he should have been allowed to explain why, at the instant he elected a jury trial, he wanted another lawyer to represent him at that trial. It is not unusual for a criminal defendant, who is unhappy with defense

counsel's evaluation, to express a desire for representation by a different lawyer. A momentary wish for a different lawyer is, however, distinguishable from a considered decision to request that the trial court permit the defendant to discharge counsel. Whatever Md. Rule 4–215 requires of trial judges, that rule does not require that the trial judge permit the defendant to explain the reasons why, at some earlier point in time, the defendant wanted a different lawyer.

From my review of the record, it is clear to me that Respondent's trial counsel was (1) speaking in the past tense when he told the Administrative Judge that, "[Respondent] didn't like my evaluation. Wanted a jury trial and new counsel[,]" and (2) speaking in the present tense when he told the Administrative Judge that, "right now [it's] my understanding [that Respondent] wants a trial in this matter." Under these circumstances, if Respondent really wanted another lawyer to represent him at the jury trial, Respondent should have said so. The issue of whether Respondent is entitled to a new trial should be resolved in a post-conviction proceeding, rather than by appellate reversal on the basis of a "possible, albeit unclear, Rule 4–215(e) request."