*State of Maryland v. Jeriko Graves*, No. 57, September Term, 2015.  Opinion by Hotten, J.

**CRIMINAL LAW – MD. RULE 4-215(e) – RIGHT OF DEFENDANT TO COUNSEL OF HIS/HER CHOICE – REASONS FOR THE REQUEST TO DISCHARGE COUNSEL –** The circuit court did not comply with Md. Rule 4-215(e) where the court neglected to inquire into the reasons for the defendant's request to discharge counsel, or otherwise ensure that the defendant agreed that the reasons advanced by defense counsel were accurate and/or complete.

Circuit Court for Anne Arundel County,
Maryland
Criminal Case No. K-2012-001807
Argued: February 8, 2016

IN THE COURT OF APPEALS

OF MARYLAND

No. 57

September Term, 2015

_____

STATE OF MARYLAND

v.

JERIKO GRAVES

_____

Barbera, C.J.,
*Battaglia,
Greene,
Adkins,
McDonald,
Watts,
Hotten,

JJ.

_____

Opinion by Hotten, J.

_____

Filed: April 22, 2016

*Battaglia, J., now retired, participated in the
hearing and conference of this case while an
active member of this Court; after being recalled
pursuant to the Constitution, Article IV, Section
3A, she also participated in the decision and
adoption of this opinion.

In this case, we decide whether the Circuit Court for Anne Arundel County ("circuit court") satisfied Md. Rule 4-215(e), which requires the court to "permit the defendant to explain the reasons for [a] request" to discharge counsel. We shall hold that, where an assistant public defender ("defense counsel") indicated that Jeriko Graves ("Respondent") wished to obtain a postponement to hire private counsel that Respondent had retained in the past, Md. Rule 4-215(e) required that the circuit court seek an explanation for the request to discharge counsel *from the defendant*, or ensure that the defendant agreed with the reasons proffered by defense counsel. We explain.

## FACTUAL AND PROCEDURAL HISTORY

### I. Proceedings in the circuit court

Respondent was charged by criminal indictment in the circuit court with two counts of possession of a controlled dangerous substance ("CDS"), one count of possession of CDS with intent to distribute, and one count of second-degree assault.[1] On November 9, 2012, defense counsel entered his appearance on behalf of Respondent. On February 22, 2013, Respondent and defense counsel appeared for a motions hearing, and defense counsel moved for a postponement:

> [Defense Counsel]: Thank you, Your Honor. This is defense request for a postponement.
>
> The Court: All right, go ahead.
>
> [Defense Counsel]: Your Honor, thank you very much. I have had the opportunity to speak to [Respondent]. [Respondent] has informed me

---

[1] We do not recite the factual circumstances underlying Respondent's charges because they are not relevant to the issues presented to this Court.

that he would prefer to have John Robinson represent him in this matter as opposed to myself.

In speaking to [Respondent], apparently Mr. Robinson has represented him in several cases in the past and he has been satisfied with Mr. Robinson's services as his attorney in the past.

In terms of [Respondent's] situation right now, Your Honor, I would tell you, obviously, we are here for a motions hearing today. We have the trial date that is set. It is my understanding that Hicks[2] runs from an arraignment that was held on October 1st. So we are becoming close to Hicks.

[Respondent] is being held now on – he anticipates being held for another 20 days. It is his hope to postpone this case both the motions hearing as well as the trial date. I have spoken to him about Hicks and the ramifications of that.

He would be willing to waive his rights under Hicks but he would like to postpone the motions hearing and the trial date to have the opportunity to essentially become removed from the incarceration and hire John Robinson to represent him in this matter, both for the motions as well as in the trial.

The following exchange between Respondent and the court ensued:

The Court: Okay, Well, I have to hear him if that is what he is requesting. Sir, state your name for the record?

[Respondent]: Jeriko Graves.

The Court: Mr. Graves, if you would like to fire your Public Defender, then I must explain to you that before I could allow you to do that, I would have to continue the case if there is a meritorious reason. If there is no meritorious reason, then the case is going to go forward. Do you understand that?

[Respondent]: Yes, sir.

---

[2] "*Hicks*" refers to the 180 days after the appearance of counsel or the defendant's first appearance before the circuit court, whichever is earlier, within which trial must be scheduled, unless the date is postponed for good cause. Md. Rule 4-271.

The Court:  Did you at some point in time receive a copy of the charges in this case?

[Respondent]:  Yes, I have.

The Court:  And you understand how important counsel is, how an attorney can assist you, protect your constitutional rights whether you want to plead guilty or not guilty, an attorney can help you.  Do you understand that?

[Respondent]:  Yes, sir, I do.

The Court: You are charged with possession with intent to distribute cocaine.  It carries 20 years in jail, $25,000 fine.  You are charged with possession of cocaine.  It carries four years in jail, $25,000 fine.  You are charged with possession of marijuana.  It carries a year in jail, a $1,000 fine.  You are charged with second-degree assault.  It carries 10 years in jail, $2,500 fine.  Do you understand that?

[Respondent]:  Yes, I do.

The Court:  Are there any subsequent mandatory?

[Petitioner]:  Yes, he is mandatory.

The Court: From what?

[Petitioner]: He is mandatory on the possession with intent.

The Court:  If you are convicted of Count 1, possession with intent to distribute cocaine, you may face a mandatory sentence of 10 years in prison without parole.  Please indicate mandatory penalties advised.

Now, sir, if I find that you do not have a meritorious reason to discharge counsel, then the trial will proceed as scheduled.  Do you understand that?

[Respondent]:  Yes, I do?

The Court:  All right.  Have you hired John Robinson?

[Respondent]:  No, sir, I haven't hired him.

The Court: Have you paid John Robinson?

[Respondent]: Sir?

The Court: Have you paid him?

[Respondent]: No, sir.

The Court: All right. Have you personally spoken to him about this case?

[Respondent]: Yes, I was incarcerated and my fiancé, Jodi Johnson, went and got a figure from him what he would represent me for.

The Court: Okay.

[Respondent]: And I was trying to get that together as soon as I got out of here.

The Court: All right. The Court will deny your request to postpone the motions hearing. The case is set here today for a motions hearing. This motions hearing has been scheduled for quite some time. There was originally a trial date of January 8, it was postponed. It was rescheduled until today's date.

This had to do with the fact that the case is in trial posture and there was a motions hearing agreed upon. [Your public defender] filed for it, it was granted on the 28th day of January. The case is set today.

[Respondent] may wish to hire Mr. Robinson but there is nothing to indicate that he has paid Mr. Robinson, met with Mr. Robinson or has hired Mr. Robinson. I will deny the request.

If you want to fire the Public Defender, you can ask me to do that. Otherwise, [the public defender] is in your case. Do you want me to fire [your public defender]?

[Respondent]: I will keep him on.

The motions hearing then proceeded as scheduled.

On March 21, 2013, Respondent was convicted by a jury of possession with intent to distribute cocaine, possession of marijuana, and possession of cocaine.[3] He was sentenced to ten years' incarceration with all but eighteen months suspended, and five years' supervised probation.

## II. Proceedings in the Court of Special Appeals

On appeal to the Court of Special Appeals, Respondent argued, *inter alia*, that the circuit court "failed to comply with [Md.] Rule 4-215(e) by never asking [Respondent] why he wished to replace his counsel." The Court of Special Appeals agreed.

The Court observed that, under Md. Rule 4-215(e), "[i]f a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request." (emphasis omitted). According to the Court of Special Appeals, a request to discharge counsel triggering Md. Rule 4-215(e), is "'any statement from which a court could conclude reasonably that the [accused] may be inclined to discharge counsel.'" (quoting *Gambrill v. State*, 437 Md. 292, 302, 85 A.3d 856, 862 (2014)). Thus, defense counsel's request for a postponement required that the circuit court permit Respondent to explain the reasons for the request. The Court held that this requirement was not satisfied at the motions hearing:

> At no point during the hearing did the court permit [Respondent] to explain why he wanted to obtain private counsel. Although [Respondent's] counsel did provide some explanation regarding why [Respondent] desired to be represented by private counsel, [Respondent] was never asked if that was an accurate or complete statement. *Compare State v. Taylor*, 431 Md. [615, 625, 66 A.3d 698, 705 (2013)] (accused was given the opportunity to

---

[3] On March 20, 2013, the second day of Respondent's trial, he discharged defense counsel and proceeded *pro se*.

explain his reason for desiring to discharge counsel where his current counsel stated the relevant reasons and the accused asserted "that pretty much sums it up," adding that he did not see "eye-to-eye" with his current counsel). Accordingly, because the court failed to engage in a colloquy with [Respondent] regarding the reason for his request, the circuit court erred, and a new trial is required. *See State v. Davis*, 415 Md. 22, 31, [997 A.2d 780, 785] (2010) ("The failure to inquire into a defendant's reasons for seeking new counsel when the proper request has been made to the court is reversible error.").

(parallel citations added). The State of Maryland ("the State") filed a Petition for Writ of Certiorari on August 7, 2015, and we granted that petition to determine whether the circuit court complied with Md. Rule 4-215(e).

## STANDARD OF REVIEW

In addressing the circuit court's compliance with Md. Rule 4-215(e), we apply a *de novo* standard of review. *Davis v. Slater*, 383 Md. 599, 604, 861 A.2d 78, 80-81 (2004) ("Because our interpretation of the Maryland Declaration of Rights and Constitution, provisions of the Maryland Code, and the Maryland Rules are appropriately classified as questions of law, we review the issues *de novo* to determine if the trial court was legally correct in its rulings on these matters.") (citation omitted); *Cole v. State*, 378 Md. 42, 56, 835 A.2d 600, 607 (2003) (observing that the application of the Maryland Rules to a particular situation is reviewed *de novo*).

We also adhere to the familiar principles of statutory interpretation. *Lisy Corp. v. McCormick & Co.*, 445 Md. 213, 221, 126 A.3d 55, 60 (2015) ("[T]he principles applied to statutory interpretation are also used to interpret the Maryland Rules."). We abide by the plain meaning of Md. Rule 4-215(e), "[w]hen the plain meaning of the language is clear and unambiguous, and consistent with … the broad purposes of the legislation[.]" *Lewis*

*v. State*, 348 Md. 648, 653, 705 A.2d 1128, 1131 (1998) (citing *Philip Electronics v. Wright,* 348 Md. 209, 216–17, 703 A.2d 150, 153 (1997); *Frank v. Baltimore County,* 284 Md. 655, 661, 399 A.2d 250, 254 (1979)). "If, however, the meaning of the plain language is ambiguous or unclear, we seek to discern legislative intent from surrounding circumstances, such as legislative history, prior case law, and the purposes upon which the statutory framework was based." *Id.* (citing *Haupt v. State,* 340 Md. 462, 471, 667 A.2d 179, 183 (1995)).

## DISCUSSION

Md. Rule 4-215(e) governs the "court procedure when a defendant expresses a desire to discharge his or her current counsel." *Davis*, 415 Md. at 30, 997 A.2d at 784. The rule provides:

> If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)-(4) of this Rule if the docket or file does not reflect prior compliance.

Md. Rule 4-215(e).

We have observed that Md. Rule 4-215(e) protects and administers the fundamental right to the assistance of counsel, along with the attendant right to counsel of one's choice,

secured under both the United States Constitution and the Maryland Declaration of Rights. *Taylor*, 431 Md. at 644, 66 A.3d at 716 (citations omitted); *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533 (1975) *Pinkney v. State*, 427 Md. 77, 90, 46 A.3d 413, 421 (2012) (quoting *Parren v. State,* 309 Md. 260, 262–63, 523 A.2d 597, 598 (1987)). In light of the fundamental rights implicated, Md. Rule 4-215(e) provides a "precise rubric[]" with which we demand "strict compliance." *Pinkney*, 427 Md. at 87, 46 A.3d at 419 (citing *Parren,* 309 Md. at 280, 523 A.2d at 606, and *Broadwater v. State,* 401 Md. 175, 182, 931 A.2d 1098, 1102 (2007)).

A request for permission to discharge counsel triggering the process mandated by Md. Rule 4-215(e) is "'any statement from which a court could conclude reasonably that the defendant may be inclined to discharge counsel.'" *Gambrill v. State*, 437 Md. 292, 302, 85 A.3d 856, 862 (2014) (quoting *Williams v. State,* 435 Md. 474, 486–87, 79 A.3d 931, 938 (2013)). Such a statement does not need to be in writing or worded in a particular manner, and may come from defense counsel as opposed to the defendant. *See State v. Campbell,* 385 Md. 616, 632, 870 A.2d 217, 226 (2005) ("[Defendant's] request did not need to be a talismanic phrase or artfully worded to qualify as a request to discharge, so long as a court could reasonably conclude that [he] sought to discharge his counsel."); *Davis*, 415 Md. at 32, 997 A.2d at 786 ("[A]ny statement that would reasonably apprise a court of defendant's wish to discharge counsel will trigger a Rule 4-215(e) inquiry regardless of whether it came from the defendant or from defense counsel."). Where the court is unsure about whether the defendant is dissatisfied with his or her counsel, the court

should clear up any ambiguity by questioning the defendant regarding the statement to avoid the risk of reversal on appeal. *Id.* at 35, 997 A.2d at 787.

Once Md. Rule 4-215(e) is implicated, the rule "begins with a trial judge inquiring about the reasons underlying a defendant's request to discharge the services of his trial counsel and providing the defendant an opportunity to explain those reasons." *Pinkney*, 427 Md. at 93, 46 A.3d at 423 (citation omitted). This first step imposes an affirmative duty on the circuit court to provide a "forum" in which the defendant can "explain the reasons for his or her request." *Taylor,* 431 Md. at 631, 66 A.3d at 708; *See Williams,* 435 Md. at 492, 79 A.3d at 942 (noting that "the onus [is] on the [c]ircuit [c]ourt to 'permit the defendant to explain the reasons for the request.'") (citing Md. Rule 4-215(e)).

Inquiry into the reasons for the request to discharge counsel is vitally important because the reasons given dictate how the court proceeds under the rule:

> If the court determines that the request is supported by meritorious reasons, it must (1) permit the discharge; (2) order a continuance, if necessary; and, (3) "advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel." [*Pinkney*, 427 Md. at 93-93, 46 A.3d at 423]; Md. Rule 4–215(e). In contrast, if the court finds that the defendant's reason for discharging his defense counsel is not meritorious, it must first inform the defendant that "the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel." Md. Rule 4–215(e). Once the defendant is notified thus, the trial judge may proceed by "(1) deny[ing] the request and, if the defendant rejects the right to represent himself and instead elects to keep the attorney he has, continue the proceedings; (2) permit[ting] the discharge in accordance with the Rule, but require counsel to remain available on a standby basis; [or] (3) grant[ing] the request in accordance with the Rule and relieve counsel of any further obligation." *Williams,* 321 Md. at 273, 582 A.2d at 806 (citing *Fowlkes v. State,* 311 Md. 586, 604–05, 536 A.2d 1149, 1158–59 (1988)); Md. Rule 4–215(e).

*Taylor*, 431 Md. at 631-32, 66 A.3d at 708. As such, the circuit court must actually consider the reasons for the request, and make a further inquiry if necessary to determine whether those reasons are meritorious. *Moore v. State*, 331 Md. 179, 186, 626 A.2d 968, 971 (1993); *Johnson v. State*, 355 Md. 420, 446, 735 A.2d 1003, 1017 (1999) ("The trial judge must give much more than a cursory consideration of the defendant's explanation.").

## I. Md. Rule 4-215(e) was plainly triggered by defense counsel's statement

Defense counsel's statement at the motions hearing clearly triggered the requirements of Md. Rule 4-215(e). Our decision in *Gambrill*, where we held that the circuit court erred in failing to engage in a Rule 4-215(e) colloquy, is particularly instructive. 437 Md. at 305, 85 A.3d at 864-65. In *Gambrill*, defense counsel appeared before the court and stated: "Your Honor, on behalf of Mr. Gambrill, I'd request a postponement. He indicates he would like to hire private counsel in this matter." *Id.* at 296, 85 A.3d at 858. The court immediately responded: "All right. Postponement is denied." *Id.* On appeal, we held that the circuit court committed reversible error in denying the motion without inquiring into the reasons for the request. *Id.* at 305, 85 A.3d at 864-65. We observed that, "[w]hen an ambiguous statement by a defendant or his or her counsel is made under Rule 4–215(e), the fulcrum tips to the side of requiring a colloquy with the defendant." *Id.* at 306-07, 85 A.3d at 864.

In the case at bar, defense counsel's statement during the motions hearing – that "[Respondent] has informed me that he would prefer to have John Robinson represent him in this matter as opposed to myself[]" – was materially indistinguishable from the statement of defense counsel in *Gambrill* – "Your Honor, on behalf of Mr. Gambrill, I'd request a

- 10 -

postponement. He indicates he would like to hire private counsel in this matter." *Id.* at 296, 85 A.3d at 858. Thus, like *Gambrill*, "the fulcrum tip[ed] to the side of requiring a colloquy with the defendant." *Id.* at 306-07, 85 A.3d at 864.

The State argues that the present case is distinguishable from *Gambrill* because the circuit court "follow[ed]-up" with Respondent after addressing his request for a postponement. *Cf. Davis*, 415 Md. at 35, 997 A.2d at 787 ("Any court that fails to follow-up with the defendant following a possible, albeit unclear, Rule 4-215(e) request risks appellate reversal of its judgment."). The State notes that the court first treated Respondent's motion as a request to postpone to hire private counsel, and explained that if Respondent had a meritorious reason for discharging his current counsel, then the court would grant a postponement. After denying the motion to postpone, the State observes that the court asked Respondent: "Do you want me to fire [your public defender]?" When Respondent stated that he would "keep him on[,]" the State contends that any ambiguity about Respondent's desire to discharge his counsel was resolved. Thus, the circuit court satisfied Md. Rule 4-215(e) by "follow[ing]-up", and ensuring that Respondent did not wish to discharge his counsel. We disagree.

First, based on the circuit court's reaction to defense counsel's statement, there was no ambiguity about whether Md. Rule 4-215(e) was implicated. After defense counsel informed the court that "[Respondent] has informed me that he would prefer to have John Robinson represent him in this matter as opposed to myself[,]" the court acknowledged that it had "to hear him if that is what he is requesting." The court then informed Respondent that "*if you would like to fire your Public Defender*, then I must explain to you

that before I could allow you to do that, I would have to continue the case if there is a meritorious reason. If there is no meritorious reason, then the case is going to go forward." (emphasis added). The language used by the court in the above exchange mirrors the language contained in Md. Rule 4-215(e), and indicates that, contrary to the State's assertion, the court recognized Respondent's motion as a request to discharge counsel. Accordingly, there was no need for the circuit court to "follow-up" regarding Respondent's request. *Davis*, 415 Md. at 35, 997 A.2d at 787 (noting that the circuit court should "follow-up" with the defendant regarding any unclear Md. Rule 4-215(e) request).

Assuming, *arguendo*, that the circuit court was uncertain regarding Respondent's desire to discharge counsel, the court was required to resolve any ambiguity regarding that request *before* denying the motion to postpone. Md. Rule 4-215(e) proceeds in several discrete steps: (1) there must be a request to discharge counsel, (2) the court must "permit the defendant to explain the reasons for the request[,]" (3) the court must consider those reasons, and (4) the court must determine whether the reasons given are meritorious. Md. Rule 4-215(e). Only after these four steps are completed may the court grant or deny a postponement to obtain new counsel. *Williams*, 321 Md. at 273, 582 A.2d at 806. Therefore, if the State is right, and the court denied the postponement before clarifying whether Respondent intended to discharge his counsel, then the court did not abide by the "precise rubric" outlined in Md. Rule 4-215(e).[4]

---

[4] Adherence to the sequence outlined in the rule is required because a defendant who may have otherwise wished to discharge his counsel may change his mind after learning that he or she does not have additional time to retain a different attorney.

- 12 -

**II. The circuit court did not comply with Md. Rule 4-215(e)**

Having decided that Rule 4-215(e) was triggered by defense counsel's statement, we must determine whether "the court … permit[ed] [Respondent] to explain the reasons for the request[.]" Rule 4-215(e).

The State contends that this requirement was satisfied where defense counsel advised the court that, "[i]n speaking to [Respondent], apparently Mr. Robinson has represented him in several cases in the past and he has been satisfied with Mr. Robinson's services as his attorney in the past." According to the State, "[t]he circuit court was entitled to rely on defense counsel's statement of the reason for the request." (citation omitted). The State also contends that Respondent "did not dispute that representation, either at the time, or in his colloquy with the circuit court about that reason." Respondent maintains that "the State possesses no authority for its assertion that defense counsel may satisfy the requirement at issue of [Md.] Rule 4-215(e)." Respondent further contends that "[a]lthough the [circuit court] spoke with [Respondent], it did not 'permit [him] to explain the reasons for the request.'" (quoting Md. Rule 4-215(e)).

For the reasons reflected below, we hold that the circuit court's colloquy with Respondent did not provide an opportunity for Respondent to explain the reasons for his request, because the court never explored why Respondent wanted to discharge his attorney.

### a. The circuit court was not permitted to rely on defense counsel's explanation of the request to discharge counsel

The plain language of Md. Rule 4-215(e) did not permit the circuit court to rely only on the statements of defense counsel for the reasons underlying Respondent's request. Md. Rule 4-215(e), provides that, "[i]f a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit *the defendant* to explain the reasons for the request." (emphasis added). Our decision in *State v. Brown*, 342 Md. 404, 676 A.2d 513 (1996), discussing the purpose of Md. Rule 4-215(e), indicates that "the defendant" refers to the client, as opposed to defense counsel.

In *Brown*, we observed that Md. Rule 4-215 "is designed to protect both the right to assistance of counsel and the right to *pro se* defense provided by the Sixth Amendment." 342 Md. at 412, 676 A.2d at 517 (citing *Leonard v. State*, 302 Md. 111, 121-22, 486 A.2d 163, 168 (1985)) (footnote omitted). We also observed that, because the constitutional right to self-representation is "curtailed" after trial has begun, Md. Rule 4-215 was not applicable after the start of meaningful trial procedures. *Id.* Nonetheless, even after the trial has begun, "the trial court must determine the reason for the requested discharge before deciding whether dismissal should be allowed." *Id.* at 428, 676 A.2d at 525.

Applying this principle to the defendant's request to discharge counsel during trial, we held that, although a full-scale inquiry pursuant to Md. Rule 4-215(e) was not required, the circuit court acted unconstitutionally during the following exchange:

[Defense Counsel]: Judge, may I interject for a moment? I don't mean—

[The Court]: … we have certain procedures—

- 14 -

[Defense Counsel]: I know we do.

[The Court]: You will have an opportunity to be heard.

[Defense Counsel]: It has nothing to do with being heard.

[The Court]: What is it?

[Defense Counsel]: My client wishes to dismiss me at this point in time.

[The Court]: For what reasons?

[Defense Counsel]: I guess on the advice of his father.

[Defendant's Father]: You can't represent him. You don't know nothing about his case, sir.

[The Court]: We are in the middle of the trial. We will proceed. Go ahead.

[Defense Counsel]: Am I—

[The Court]: You are still counsel, yes.

*Id.* at 429-30, 676 A.2d at 525-26.  We reasoned:

> Defense counsel's speculation that [the defendant's] request was based on the "advice of his father" does not provide an adequate explanation of [the defendant]'s reasons.  It is [the defendant]'s reply, not that of his father, that ordinarily would be relevant to determine whether or not the discharge should be permitted, because the right to counsel and the right to self-representation are personal rights.  *See Faretta,* 422 U.S. at 819, 95 S. Ct. at 2533.  Furthermore, the father's view on whether counsel should be discharged may not be imputed to [the defendant].  The [circuit] court was obligated to inquire further into the substance of [the defendant's] dissatisfaction with his counsel.

*Id.* at 430, 676 A.2d at 526.

Our reasoning in *Brown* applies with equal force where the circuit court relied on defense counsel's reasons for the request to discharge counsel because we are also

concerned with the right to the assistance of counsel/counsel of one's choice. *Brown*, 342 Md. at 412 (citation omitted). In *Brown*, where the right to counsel was curtailed, we still reasoned that "*[i]t is [the defendant]'s reply*, not that of his father, that ordinarily would be relevant to determine whether or not the discharge should be permitted because the right to counsel and the right to self-representation *are personal rights*." *Id.* at 430, 676 A.2d at 526 (citation omitted) (emphasis added). Accordingly, where Md. Rule 4-215(e) is implicated and the defendant enjoys the full extent of the right to counsel, the rule requires that the defendant, not defense counsel, be afforded the opportunity to explain the reasons for the request.[5]

Our decision in *Taylor*, 431 Md. 615, 66 A.3d 698 (2013), does not conflict with this holding, although we did state in that opinion that "the defendant must be provided[] with a forum in which he or she *(and/or counsel)* may explain the underlying reasons for the purported request to discharge counsel." *Id.* at 633, 66 A.3d at 709 (citations omitted)

---

[5] We recognize that defense attorneys, as officers of the court, are trusted to accurately represent their client's wishes before the court. *See Garner v. State*, 414 Md. 372, 390, 995 A.2d 694, 705 (2010) (deciding that the circuit court was entitled to rely on defense counsel's representation that "I'm still in the case" because defense counsel had ethical obligations to abide by his client's decisions and refrain from making false statements to the court); *Davis*, 415 Md. at 32, 997 A.2d at 786 (noting that the request to discharge counsel triggering Md. Rule 4-215(e) can come from counsel as well as the defendant). However, we also recognize that a defendant may feel that their attorney is unmotivated to accurately characterize the reasons why the defendant seeks to terminate the attorney's representation. Furthermore, the reasons for the request may be protected by the attorney-client privilege. Thus, the attorney may be barred from fully explaining the reasons for the request because the privilege can only be waived by the client. *Newman v. State*, 384 Md. 285, 308, 863 A.2d 321, 334 (2004) ("We have held that '[o]nly the client has [the] power to waive the attorney-client privilege.'") (quoting *Parler & Wobber v. Miles & Stockbridge, P.C.,* 359 Md. 671, 691, 756 A.2d 526, 537 (2000)).

(emphasis added). An examination of the facts of *Taylor* reveals that, although defense counsel explained the reasons for the request, the defendant was invited to weigh-in on the reasons given.

In *Taylor*, this Court held that the circuit court complied with Md. Rule 4-215(e) where there was a request to discharge counsel before three separate judges. On the first occasion, defense counsel appeared before a circuit court judge ("the first judge"), and explained why his client wanted to replace him with private counsel:

> [Defense Counsel]: In this situation, and I'm speaking on behalf of my client on this—*and he can correct whatever things are not correct*—I mean he does have a certain comfort level with Mr. Stein as a result of just having finished a trial with Mr. Stein.... So there's a comfort level there. And I know that the family was probably trying to come up with the funds to retain Mr. Stein, and that didn't happen until very—obviously until the day before trial.

*Id.* at 624, 66 A.3d at 703 (emphasis added). The first judge denied the request, and sent the case to a different circuit court judge for trial ("the second judge"). *Id.* at 625, 66 A.3d at 704.

Before the second judge, defense counsel again explained to the court that his client wished to replace him with Mr. Stein because the defendant felt "comfortable and confident" with Mr. Stein. *Id.* The defendant was then consulted by defense counsel on the record: "is that essentially the case, or am I missing anything?" *Id.* The defendant responded: "that pretty much sums it up." *Id.* Defense counsel then asked the defendant whether he was dissatisfied with anything defense counsel had done, and the defendant

- 17 -

responded with his own explanation.[6] *Id.* at 626, 66 A.3d at 705. The second judge thereafter found that there was no meritorious reason to discharge counsel, and transferred the case to a different judge for trial ("the third judge"). *Id.* at 626, 66 A.3d at 705.

In front of the third judge, defense counsel again explained "the procedural route by which the case arrived in [that] courtroom," including the previous motions to discharge counsel. *Id.* at 626-27, 66 A.3d at 705. The third judge indicated that he would only find a meritorious reasons for discharge if substitute counsel could immediately take over and keep the case on schedule. *Id.* at 642, 66 A.3d at 714. The third judge followed-up: "[a]nd there's no reason to discharge you. So anything further *you or he* wants to say?" *Id.* (emphasis added). Defense counsel responded: "I have nothing further, sir." *Id.*

On appeal, this Court held that each of the three circuit court judges had complied with Md. Rule 4-215(e)'s requirement that the defendant be provided with "a forum in which to explain the reasons for his or her request." *Id.* at 631, 638-39; 66 A.3d at 708, 712. However, our holding in *Taylor* does not indicate that a circuit court judge may rely on the representation of defense counsel alone because, on each occasion, the defendant was invited by defense counsel or the court to correct or elaborate upon the reasons given by defense counsel. For example, before the first judge, defense counsel informed the court

---

[6] The defendant's response was as follows:

No, as far as the first trial, it was just the fact that in this trial I just felt as though as far as litigating on the certain of law, it seems to be the best of my knowledge as I can understand it, that's the only thing I just didn't see eye to eye with you on. But other than that, I had no problem, I was pleased with.

*Id.* at 626, 66 A.3d at 705.

- 18 -

that the defendant could "correct whatever things [were] not correct" in his explanation of the request. *Id.* at 624, 66 A.3d at 703. While in front of the second judge, the defendant was asked by defense counsel whether the reasons given were correct and whether he had missed anything. *Id.* at 625, 66 A.3d at 704. Lastly, before the third judge, the judge considered the proceedings before the previous judges, and asked defense counsel whether there was "anything further" that he or the defendant wanted to say. *Id.* at 626-27, 66 A.3d at 705.

Our decision in *Taylor* therefore adds an additional layer to our holding above: if the defendant is not directly asked "why do you want to discharge your attorney[,]" and the reasons for the request instead come from defense counsel, then the defendant must be consulted on the record concerning those reasons. This was the position of the Court of Special Appeals in reasoning that "[Respondent] was never asked if [defense counsel's explanation] was an accurate or complete statement." *See* Proceedings in the Court of Special Appeals, *supra.* p. 5. The Court of Special Appeal's reasoning aligned with our decision in *Taylor*, which indicates that inviting the defendant to weigh-in on the reasons given by defense counsel is sufficient to provide a "forum" for the defendant to explain the reasons for the request under Md. Rule 4-215(e).

### b. The circuit court's colloquy with Respondent was insufficient to satisfy Md. Rule 4-215(e)

Having determined that the circuit court was unable to rely on the statements of defense counsel alone, we address the State's claim that "the [circuit] court conducted a colloquy about the reason given[]" by defense counsel. Although the circuit court asked

Respondent several questions after hearing defense counsel's reasons for the request, the questions did not concern *why* Respondent wanted to discharge his counsel. Instead, the questions focused on Respondent's understanding of the charges, the charging document, the potential sentences following conviction, and the efforts that Respondent had made to hire private counsel. This colloquy was insufficient to demonstrate compliance with Md. Rule 4-215(e), which requires that the circuit court "permit the defendant to explain *the reasons* for the request."[7]

---

[7] The court denied Respondent's request to postpone, reasoning as follows:

> The Court: All right. The Court will deny your request to postpone the motion hearing. The case is set here today for a motions hearing. This motions hearing has been scheduled for quite some time. There was originally a trial date of January 8, it was postponed. It was rescheduled until today's date.
>
> This had to do with the fact that the case is in trial posture and there was a motions hearing agreed upon. [Your public defender] filed for it, it was granted on the 28th day of January. The case is set today.
>
> [Respondent] may wish to hire Mr. Robinson but there is nothing to indicate that he has paid Mr. Robinson, met with Mr. Robinson or has hired Mr. Robinson. I will deny the postponement request.

The above excerpt reflects that the court's reasoning was exclusively focused on the length of time that the motions hearing had been scheduled, and the steps that had been taken to hire Mr. Robinson. Therefore, assuming, *arguendo*, that the circuit court was entitled to rely on the reasons proffered by defense counsel, we would still be required to hold that the circuit court erred because the record is devoid of evidence that the reasons for Respondent's request were actually considered. *Pinkney*, 427 Md. at 93, 46 A.3d at 423 ("The trial judge must … consider whether the reasons given by the defendant are meritorious."); *Cf. Moore v. State*, 331 Md. at 186, 626 A.2d at 971 (ruling, in the context of Md. Rule 4-215(d) that "the record must also be sufficient to reflect that the court actually considered [the] reasons" for the appearance without counsel).

Lastly, the State implies that Respondent was given an opportunity to explain the reasons for his request when asked whether he wanted to discharge his counsel at the end of the court's colloquy. We disagree. Asking Respondent whether he wanted to fire his counsel is not the equivalent of asking him *why* he wanted to discharge his counsel. Md. Rule 4-215(e) does not contemplate that a criminal defendant is trained in the law, and as such, the rule does not expect that a defendant will know to proffer information that is not solicited by the court. As we noted in *Pinkney*, the rule "begins with a trial judge *inquiring about the reasons* underlying a defendant's request[.]" *Pinkney*, 427 Md. at 93, 46 A.3d at 423 (citation omitted) (emphasis added).

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**